UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GEORGIA ARGYRIS,

                        Plaintiff,                      **SUMMONS**

          -against-                       Civil Action No.:
                                                  07 Civ.

BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK, and          Jury Trial Demanded
JOEL KLEIN, as Chancellor of the City School
District of the City of New York,

                        Defendants.
------------------------------------------------------------X

TO:    BOARD OF EDUCATION OF THE CITY SCHOOL
        DISTRICT OF THE CITY OF NEW YORK and
        JOEL KLEIN, as Chancellor of the City School
        District of the City of New York,
        c/o Corporation Counsel of the City of New York
        100 Church Street
        New York, New York 10007

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's Attorney:

JAMES R. SANDNER, ESQ.
Melinda G. Gordon, Of Counsel
New York State United Teachers
52 Broadway, NY 10004
(212) 533-6300

an answer to the complaint with is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**
_____                          DATE   OCT 3 0 2007
CLERK

_____
(BY) DEPUTY CLERK

NYC-Legal: 111296

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GEORGIA ARGYRIS,

                Plaintiff,

-against-

BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK, and
JOEL KLEIN, as Chancellor of the City School
District of the City of New York,

                Defendants.

**AMENDED COMPLAINT**

Civil Action No.:
07 Civ. 9623
(DC)(HP)
Jury Trial Demanded

Plaintiff, GEORGIA ARGYRIS, by her attorney JAMES R. SANDNER (Melinda Gordon, of counsel), and STROOCK & STROOCK & LAVAN LLP. and for her complaint respectfully alleges as follows:

## NATURE OF THE CASE

1. This is a civil action brought to remedy violations of the Family and Medical Leave Act ("FMLA" or "Act"), 29 U.S.C. §§2601, *et seq.*, and all applicable regulations thereunder; to remedy violations of Plaintiff's rights in signing a stipulation of settlement agreement pursuant to fraudulent inducement; duress and equitable estoppel; and Plaintiff's rights guaranteed pursuant to Article 1 §6 of the New York State Constitution.

2. The Defendants, in violation of the aforementioned legal authority, acting individually and in concert under color of state law, have failed to grant the Plaintiff leave protected by the FMLA, and have refused to restore the Plaintiff to her teaching position in

contravention of the FMLA and in retaliation for the free exercise of her rights thereunder; have unlawfully deprived Plaintiff of her employment and her property interest in her tenured teaching position without due process of law; and have acted without authority, failed to act upon, or otherwise grant Plaintiff's requests to return to her teaching position with all the benefits and emoluments of employment entitled to her thereunder.

3. Further, Defendants fraudulently induced Plaintiff to enter into a stipulation of settlement by intentionally suppressing information that Plaintiff had been exonerated of allegations against her. Plaintiff relied on Defendants' implicit representation to her detriment by entering into a stipulation of settlement that resulted in her signing away her tenure due process rights under duress.

4. In connection therewith, Plaintiff seeks declaratory and equitable relief, reinstatement and restoration of benefits, compensatory and punitive damages, costs, interest and attorney fees against Defendants, as well as all other appropriate legal and equitable relief.

## JURISDICTION

5. Jurisdiction is grounded on 29 U.S.C. §2617 and 28 U.S.C. §§1331, 1343(a)(3) and (a)(4). Supplemental jurisdiction with regard to Plaintiff's State law claims is invoked under the provisions of 28 U.S.C. §1367.

6. Plaintiff's claims for compensatory and punitive damages are authorized by 29 U.S.C. §2617. Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. §§ 2201 and 2202. Plaintiff's claim for attorney fees is authorized by 29 U.S.C. §2617.

7. Plaintiff filed a timely verified notice of claim against the Defendants Board of Education of the City School District of the City of New York and Joel Klein as the Chancellor

of the City School District of the City of New York on or about January 30, 2007. The Defendants have refused or neglected to make an adjustment or payment on said claim to date.

## VENUE

8.  Venue appropriately lies within this District pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PLAINTIFF

9.  Plaintiff GEORGIA ARGYRIS is a citizen of the United States and a resident of Bayside, Queens County, in the State of New York.

10. Plaintiff was employed as a tenured teacher of kindergarten students by the Defendant Board of Education of the City School District of the City of New York.

## DEFENDANTS

11. Defendant BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ("Board" or "District") is a board of education organized and existing pursuant to the laws of the State of New York, with responsibility for the general control, management, responsibility and administration of the Defendant CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ("District"), including the employment and dismissal of teachers in said school District in accordance with the law, and is generally responsible in all respects for said school District's compliance with the law. The Defendant District has its offices in, and does a substantial portion of its business in, County of New York, State of New York, located within the Southern District of New York. The District's offices are located at 52 Chambers Street, New York, New York 10007.

12. Defendant JOEL KLEIN ("Klein" or "Chancellor") is and was employed, at all relevant times herein, by the District as Chancellor of the City School District of the City of New York, and, as such, functions as the superintendent of schools and chief executive officer of the District. As Superintendent of the District, he is entrusted with those powers and duties set forth in Article 52-A of New York's *Education Law* (the "Education Law"), and as such, is empowered and duty bound to enforce all provisions of law and all rules and regulations relating to the management of the District, as well as to supervise and direct persons employed by defendant District, including but not limited to tenured teachers. The Defendant Chancellor has offices in, and does a substantial portion of his business in, County of New York, State of New York, located within the Southern District of New York, at 52 Chambers Street, New York, NY 10007. He is sued herein in both his official and individual capacity.

## STATEMENT OF FACTS

13. On or about September 1997, Plaintiff was appointed by the Defendant Board of Education to the position of Teacher in the tenure area of elementary education as a kindergarten teacher.

14. Pursuant to New York State Education Law, Plaintiff's appointment was subject to a probationary period of three years.

15. Plaintiff successfully completed her three-year probationary period, and thereupon received tenure in her position pursuant to New York State Education Law. Thereafter, Plaintiff continued to be employed as a tenured teacher of kindergarten students in the Defendant District.

NYC Legal: 116064

16. Pursuant to New York State Education Law, Plaintiff, as a tenured teacher, could not be removed from her position except for just cause shown after a due process hearing held in accordance with the provisions of Education Law §3020-a.

17. In 2004, Ms. Argyris became the victim of a chain of events orchestrated by a newly appointed principal that set in place a domino reaction that resulted in an employment crisis for Ms. Argyris. In October 2004, Ms. Argyris was falsely accused by the principal of engaging in an act of corporal punishment on a day that Ms. Argyris was not even in attendance at school. The principal later changed the date of the alleged act of corporal punishment to a date when Ms. Argyris was in school, but the alleged student victim was absent. The assistant principal confirmed in a conversation with Plaintiff that the principal knew that the parent of the alleged student victim had informed the assistant principal that Plaintiff was not the teacher who committed corporal punishment against her child.

18. Notwithstanding that the allegations were not processed into formal disciplinary charges, Ms. Argyris was removed from her classroom duties as a kindergarten teacher and reassigned to a Temporary Reassignment Center (hereinafter "TRC"), colloquially referred to as the "rubber room," and given non-pedagogical duties. Even though the allegations against Ms. Argyris never resulted in formal charges, Ms. Argyris remained under a cloud of suspicion while reassigned to the TRC.

19. Although the allegations against Georgia Argyris were determined by the principal in January 2005 to be unwarranted, both the principal and Defendants intentionally suppressed the information that Ms. Argyris had been exonerated of the corporal punishment allegation.

Plaintiff first learned that she had been exonerated of the corporal punishment allegations and improperly held in the rubber room for two years after she was terminated by Defendants.

20.     Georgia Argyris is a devoted and committed educator. Defendants' unwarranted false accusations and willingness to allow Ms. Argyris to linger in the TRC, caused her significant distress. This resulted in depression, ill health and time and attendance problems for Ms. Argyris.

21.     In a correspondence, dated February 2006, while reassigned to the TRC, the Board charged Ms. Argyris with excessive absenteeism and lateness from the TRC.

22.     Article 21 G 1 of the Collective Bargaining Agreement between the United Federation of Teachers and the Board of Education of the City School District of the City of New York, which covers teachers such as Ms. Argyris, sets out a procedure for the expedited resolution of the discipline of tenured teachers for excessive absences and/or lateness where the penalty being sought by the Board is less than termination.

23.     Plaintiff, under the mistaken belief that potential corporal punishment charges could be lodged against her and the threat of potential discharge, entered into a stipulation of settlement under the belief that she would finally be able to return to the classroom. By stipulation of settlement dated March 9, 2006, Ms. Argyris agreed to a probationary period regarding the number of times she could be absent and/or late during the remainder of the 2005-2006, and for the 2006-2007, 2007-2008 school years. The stipulation of settlement stated that if Ms. Argyris was absent or late a specific number of times during a specific time frame, she could be terminated without recourse to the *Education Law* §3020-a process. Because of the unlawful threat of continued placement in the rubber room and the potential discharge for corporal

punishment, at the time that Ms. Argyris entered into the stipulation of settlement she would have literally done anything to continue her teaching career. Ms. Argyris was represented at this proceeding by Sean Kelly, a person that she believed to be an attorney admitted to practice law in New York State. Pursuant to paragraph 9 of the stipulation of settlement, any termination during the probationary period may be reviewed at the request of the employee by the Defendants' Office of Labor Relations and Collective Bargaining ("OLRCB").

24. In September 2006, Ms. Argyris was returned to work under the very principal who had falsely accused her of corporal punishment. As part of the principal's continuing campaign to humiliate Ms. Argyris, she was not returned to her kindergarten assignment, but was given other administrative duties.

25. On September 14, 2006, and multiple occasions thereafter, Ms. Argyris requested that the principal sign a request granting Ms. Argyris an unpaid leave of absence for the restoration of health. The principal refused to sign this request so that it could be processed by Defendants. Without the principal's signature, Ms. Argyris' request could not be administratively processed by the Defendants' Medical Bureau. The principal's failure to ministerially sign-off on this request was a continuation of the principal's campaign to harass and intimidate Ms. Argyris.

26. On or about September 14, 2006, Ms. Argyris also requested that the principal grant her an unpaid leave pursuant to the Family Medical Leave Act ("FMLA"). The request was signed on or about September 19, 2006, by Dr. Irwin Feldinger, a licensed clinical psychologist and detailed the treatment and medications Ms. Argyris was receiving. The principal refused to sign this request so that it could be processed by Defendants. Without the principal's signature,

Ms. Argyris' request could not be administratively processed by Defendants' Medical Bureau. The principal's failure to ministerially sign off on this request was a continuation of the principal's campaign to harass and intimidate Ms. Argyris. This resulted in further depression and additional time and attendance problems for Ms. Argyris.

27.    On or about September 15, 2006 Defendants' Medical Bureau examined Ms. Argyris and recommended a health leave. However, because of the principal's failure to execute any of Plaintiff's leave requests, the recommendation could not be administratively processed by Defendants.

28.    On October 30, 2006, Ms. Argyris was terminated for failing to comply with the terms and conditions of the time and attendance stipulation of settlement.

29.    On or about October 31, 2006, Ms. Argyris learned that Sean Kelly, the person who negotiated the stipulation of settlement on her behalf with the Board, was not admitted to the New York State Bar at the time he negotiated her stipulation of settlement.

30.    Not until after entering into the stipulation of settlement and being terminated for failing to comply with the stipulation of settlement, did Plaintiff learn that she was exonerated of the corporal punishment allegations and that she had been improperly reassigned to the rubber room for two years.

31.    Plaintiff communicated her desire to return as a tenured teacher employed by the Defendants by filing and serving the Defendants with a Notice of Claim on or about January 30, 2007.

32.    Defendants have neglected such notice of claim and have continued to refuse to restore Plaintiff to her position, despite Plaintiff's repeated attempts to return to work as a

tenured teacher employed by the Defendants.

33. Upon information and belief, Defendants' arbitrary, capricious, and unlawful actions have caused Plaintiff personal damages in addition to the loss of salary, benefits, and other emoluments of employment for which the Defendants are liable.

34. Upon information and belief, Defendants' actions also were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and proximate result thereof, Plaintiff suffered and continues to suffer economic and emotional damage in a total amount to be proven at trial; therefore Plaintiff seeks exemplary and punitive damages in an amount sufficient to deter said Defendants from similar future wrongful conduct.

35. As a further direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer impairment and damage to Plaintiff's good name and reputation by Defendants.

36. As a further direct and proximate result of Defendants' actions, Plaintiff has been unable, despite reasonable efforts, to find comparable employment, and has been deprived of other employment opportunities as a result of her unlawful deprivation of employment.

## AS AND FOR A FIRST CAUSE OF ACTION

### Family Medical Leave Act ("FMLA")

37. Plaintiff repeats and re-alleges and incorporates by reference herein each and every allegation contained above.

38. Plaintiff requested said leave of absence from the District to care for her own serious health condition, as that phrase is defined by the FMLA, 29 U.S.C. §2611(11) and 29 C.F.R. §825.114, Plaintiff was suffering from an illness or impairment and under the continuing

treatment of a health care provider. For other and further reasons, Plaintiff suffered from a serious health condition at all relevant times as that phrase is defined by the Act.

39. Defendant District was and is an "employer", as that term is defined by the FMLA, 29 U.S.C. §2611(4), and therefore comes within the scope and coverage of the Act, for, among other reasons, having engaged in commerce or any activity affecting commerce and having employed fifty or more employees for the requisite time period.

40. Defendant Chancellor was and is an "employer" at all relevant times, as that term is defined by the FMLA, 29 U.S.C. §2611(4), and therefore comes within the scope and coverage of the Act, having acted, directly or indirectly in the interests of the District with respect to employees of the District, such District having been an "employer" within the meaning of the Act and covered by the Act.

41. Plaintiff was an "eligible employee" as that term is defined by the FMLA, 29 U.S.C. §2611(2), entitled to all of the rights and benefits of the Act, at the time leave was requested.

42. Due to the deteriorating nature of the health condition of Plaintiff, thirty (30) days notice for the requested leave was not practicable. Plaintiff's need for said leave of absence was not foreseeable, and Plaintiff gave Defendants all practicable notice.

43. Even if the giving of thirty days notice was practicable, Defendants had no authority to forever bar Plaintiff from a FMLA leave but were instead merely limited to delaying their approval of Plaintiff's leave request for a period of thirty days, in accordance with 29 C.F.R. § 825.207(h).

44. Upon information and belief, Defendants further failed in their obligations under the FMLA and 29 C.F.R. §825.301 to provide posted notices and other materials to its employees regarding their rights and obligations under the Act.

45. Upon the foregoing allegations, Plaintiff was entitled to FMLA leave from her position with the Defendant District following her September, 2006 request for such leave, and Defendants' refusal to process such leave violated Plaintiff's rights under the FMLA, entitling Plaintiff to the relief requested in this Complaint. The alleged excessive absenteeism which Defendants claim as justification for Plaintiff's dismissal resulted directly from Plaintiff's illness and Defendants' wrongful refusal to grant her request for FMLA leave.

46. The acts of Defendants further constitute a "willful" violation under the Act, and thus Plaintiff is entitled to recover damages as provided for in 29 U.S.C. §2617.

## AS AND FOR A SECOND CAUSE OF ACTION

### Fraudulent Inducement

47. Plaintiff repeats and re-alleges and incorporates by reference herein each and every allegation contained above.

48. Defendants placed and kept Ms. Argyris in the "rubber room" based upon an alleged corporal punishment allegation, implicitly representing to Ms. Argyris that such accusations and/or charges continued to be ongoing during Plaintiffs reassignment to the rubber room. As early as January 2005, Defendants' had knowledge that there was no basis for Plaintiff's reassignment to the rubber room. Ms. Argyris relied on the Defendants' continued reassignment of her to the rubber room as a representation that there was an appropriate basis for her continued placement in the rubber room and as a result of that representation in March 9,

2006, Ms. Argyris signed away her tenure due process rights resulting in injury. The stipulation of settlement entered into between Plaintiff and the Defendants should be declared void *ab initio* based on fraudulent inducement.

## AS AND FOR A THIRD CAUSE OF ACTION

### Duress

49. Plaintiff repeats and re-alleges and incorporates by reference herein each and every allegation contained above.

50. Defendants, as parties to the stipulation of settlement executed by Plaintiff, are necessary parties to this claim.

51. Plaintiff, as a tenured teacher in the Defendants' employ, had a property interest in her position and was forced to sign away her tenured due process rights which she had every right to maintain when she executed the stipulation of settlement. Because of the constant and unlawful threat of continued placement in the rubber room and potential discharge for corporal punishment, Plaintiff would have literally done anything to get out of the rubber room and continue her teaching career. The stipulation of settlement entered into between Plaintiff and the Defendants should be declared void *ab initio* because Plaintiff executed the agreement under duress in that Plaintiff genuinely felt that she had no option but to sign the stipulation of settlement if she wished to continue her teaching career.

## AS AND FOR A FOURTH CAUSE OF ACTION

### Equitable Estoppel

52. Defendants' intentionally misled Plaintiff by concealing the fact that she had been exonerated of all of the allegations which caused Plaintiff's reassignment to the rubber room.

NYC Legal: 116064

53. As a result, Plaintiff was desperate to return to her classroom duties and entered into the stipulation of settlement with Defendants to accomplish her return to the classroom.

54. Plaintiff entered into the stipulation of settlement only as a result of Defendants' misconduct and Defendants should be equitably estopped from asserting any rights under the stipulation of settlement.

## AS AND FOR A FIFTH CAUSE OF ACTION

### Article I, § 6 of the New York State Constitution

55. Article I, §6 of the New York State Constitution protects the property interests of teachers in their tenure right, which cannot be deprived without due process of law and the right to counsel.

56. Plaintiff, as a tenured teacher in the Defendants' employ, had a property interest in her position and was entitled to representation by counsel at the proceeding wherein she was charged with excessive absenteeism and lateness. The stipulation of settlement entered into between Plaintiff and the Defendants should be declared void *ab initio* because the person who appeared as counsel on Plaintiff's behalf was not an attorney pursuant to the rules of New York State and thus failed to provide Plaintiff representation and the right to counsel as guaranteed by the Article 1, §6 of the New York State Constitution. Because there is no adequate remedy at law, equity requires that the contract be declared void *ab initio*.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands judgment as follows:

A. Granting judgment annulling the March 9, 2006 stipulation of settlement between Plaintiff and the Defendants, and directing reinstatement of Plaintiff as a tenured teacher employed by the Defendants *nunc pro tunc*;

NYC Legal: 116064

B.  Declaring that the acts and practices complained of herein are in violation of the United States Constitution, the Constitution of the State of New York, the FMLA, and enjoining and permanently restraining these violations of law;

C.  Directing Defendants to take such affirmative action as is necessary to ensure that the effect of these unlawful employment practices are eliminated;

D.  Directing Defendants to make Plaintiff whole for all earnings and other compensation and benefits she would have received but for Defendants' unlawful actions, including but not limited to all seniority, salary, rights, benefits and emoluments to which Plaintiff would have been entitled;

E.  Granting Plaintiff judgment against Defendants, jointly and severally, for punitive, exemplary and liquidated damages in an amount to be established at trial; and

F.  Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, NY
April 29, 2008

Respectfully Submitted,

JAMES R. SANDNER (JS-0360)
Attorney for Plaintiff
52 Broadway, 9th Floor
New York, NY 10004-1614
(212) 533-6300

By: _____
MELINDA G. GORDON (MG-0939)
Senior Counsel


STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
212-806-5400

NYC Legal: 116064

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GEORGIA ARGYRIS,

                        Plaintiff,                              Affirmation of
                                                              Service

            -against-                                   Civil Action No.:
                                                              07 Civ.9623
                                                              (DC)(HP)

BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK, and
JOEL KLEIN, as Chancellor of the City School
District of the City of New York,

                        Defendants.
-----------------------------------------------------------------------X

      I, Melinda G. Gordon, declare under penalty of perjury that I have served two copies of the attached Amended Complaint upon the BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK and JOEL KLEIN, as Chancellor of the City School District of the City of New York, c/o Corporation Counsel of the City of New York whose address is 100 Church Street, 4TH floor, New York, New York 10007 by personally delivering and leaving papers with _____Madelyn Santana_____, at the office designated by defendants for such service.


New York, NY
April 30, 2008
                                                   Melinda G. Gordon (MG0939)
                                                   Attorney for Plaintiff
                                                   Office of James R. Sandner
                                                   52 Broadway, 9th Floor
                                                   New York, N.Y. 10004
                                                   212-533-6300 x127