UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

GEORGIA ARGYRIS,

                                        Plaintiff,                    **NOTICE OF MOTION**

                    -against-                                        Index No. 07 Civ. 9623
                                                                     (DC)(HP)
BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK, and JOEL
KLEIN, as Chancellor of the City School District of the
City of New York,

                                        Defendants.

-----------------------------------------------------------------------x

      **PLEASE TAKE NOTICE** that, upon defendants' memorandum of law in

support of their motion for judgment on the pleadings, dated June 6, 2008, the Declaration of

Robyn Silvermintz, dated June 6, 2008, and all other pleadings and proceedings herein,

defendants will move this Court on July 11, 2008, at the United States Courthouse, for the

Southern District Court of New York, located at 500 Pearl Street, New York, NY 10007, at

9:30A.M. or as soon thereafter as counsel may be heard for an order pursuant to Rule 12(c) of the

Federal Rules of Civil Procedure for judgment on the pleadings and granting such other relief as

to this Court seems proper.

**PLEASE TAKE FURTHER NOTICE**, that answering papers, if any, must be

served on the undersigned by June 27, 2008 and that defendants reply, if any, must be served by

July 7, 2008.

Dated:        New York, New York
              June 6, 2008


                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-118
                              New York, New York 10007
                              (212) 442-0144


                              By:    _____
                                     Robyn Silvermintz
                                     Assistant Corporation Counsel
                                     rsilverm@law.nyc.gov



TO:    James R. Sandner
       Attorney for Plaintiff
       52 Broadway, 9th Floor
       New York, NY 10004-1614
       attn.: Melinda Gordon, Senior Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

GEORGIA ARGYRIS,

|  |  |
|---|---|
| Plaintiff, | **DECLARATION IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| -against- |  |
| BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, and JOEL KLEIN, as Chancellor of the City School District of the City of New York, | 07 CIV 9623 (DC)(HP) |
| Defendants. | |

------------------------------------------------------------------------ x

      **ROBYN SILVERMINTZ**, declares, pursuant to 28 U.S.C. §1746 and under penalty of perjury, that the following is true and correct:

      1.  I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants in the above-caption action brought under the Family Medical Leave Act 29 U.S.C. §§ 2601, *et. seq.,*

      2.  This declaration is submitted in support of defendants' motion for judgment on the pleadings.

      3.  The following exhibits, annexed to this declaration, are offered in support of defendants' motion for judgment on the pleadings:

      Exhibit "A"  a copy of the Stipulation of Settlement, dated March 9, 2006

      Exhibit "B"  a copy of the Complaint in this action.

      Exhibit "C"  a copy of the Answer to the complaint with the exhibits annexed thereto.

      Exhibit "D"  a copy of the Amended Complaint in this action.

3.  Defendants rely on the Answer and attached exhibits to the Complaint in moving pursuant to Rule 12(c) of the Federal Rules of Civil Procedure to respond to the Amended Complaint, pursuant to Judge Chin's instruction that defendants either answer or move pursuant to Rule 12(c) to respond to plaintiff's Amended Complaint.

Dated:      New York, New York
            June 6, 2008

                                    ROBYN SILVERMINTZ
                                    Assistant Corporation Counsel

EXHIBIT A

------------------------------------------------------x

IN THE MATTER OF THE NEW YORK CITY
DEPARTMENT OF EDUCATION,

Employer,

   -against-

**STIPULATION
OF
SETTLEMENT**

GEORGIA ARGYRIS

Employee.

Pursuant to Paragraph 11(a) of the Memorandum
of Agreement between the United Federation of
Teachers and the New York City Board of Education

------------------------------------------------------x

**WHEREAS,** the New York City Department of Education ("Department" "DOE") initiated a disciplinary proceeding against Georgia Argyris ("Employee") pursuant to paragraph 11(a) of the Memorandum of Agreement ("MOA") between the United Federation of Teachers, Local 2, American Federation of Teachers, AFL-CIO ("UFT") and the Department which modifies Article 21 of the collective bargaining agreement covering teachers in the New York City public school system as authorized by Education Law §3020(4)(a), based on the Employee's record of time and attendance; and

**WHEREAS,** the parties desire to eliminate the need for a hearing, have held discussions, have had an opportunity to seek the advice of counsel in order to have all terms and conditions of this Stipulation of Settlement ("Stipulation") thoroughly explained to them, and now freely consent to enter into this Stipulation; such consent not having been induced by fraud, duress, or any other undue influence; and

**WHEREAS,** no other person not a party to this proceeding has an interest in its outcome, and no party to this proceeding is an infant or incompetent person for whom a committee has been appointed; and

**WHEREAS,** the parties have reached an agreement as to the complete and final resolution of this matter;

**NOW IT IS HEREBY AGREED AND STIPULATED** by and between said parties that this matter shall be fully resolved as follows:

1.    Employee hereby admits that she was excessively absent twelve (12) times during the 2003-2004 school year, twenty-five times (25) times during the 2004-2005 school year and forty (40) times during 2005-2006 school year.

2.    Employee hereby admits that she was excessively late sixty-two (62) times during the 2004-2005 school year and forty-three (43) times during 2005-2006 school year.

3.    Employee agrees that for the remainder of the 2005-2006 she will be on a probationary period, whereby any absences, except as listed in paragraph 7, will result in her being automatically terminated, thereby waiving her rights under Education Law Section 3020-a.

4.    Employee agrees that for the school years 2006-2007 and 2007-2008 she will continue to be on a probationary period, whereby should she exceed five (5) days absence per school year, she will be automatically terminated, thereby waiving her rights under Education Law Section 3020-a.

5.    Employee agrees that for the school years 2005-2006, and 2006-2007 she will continue to be on a probationary period, whereby should she exceed five (5) incidences of lateness beyond ten (10) minutes of her scheduled start time per school year, except under the conditions listed in paragraph 8, she will be automatically terminated, thereby waiving her rights under Education Law Section 3020-a.   Latenesses of any length which, in the aggregate, exceed 55 minutes during any of the probationary school years, will likewise be deemed a violation of her probation and result in her being automatically terminated.

6.    For the duration of the probationary period, employee will be required to use the time clock when she arrives at and leaves from her assigned location.

7.    Absences and/or lateness as permitted by DOE non-attendance by-laws governing death in immediate family or household shall not count as absences during the probationary period stated in paragraphs 3 through 5 above. Documented jury duty or required court appearances will not count as absences during the probationary period, provided that the Employee promptly submits documentation to prove the required jury duty or court appearances to her

immediate supervisor. Absences or lateness that satisfy the requirements of this paragraph will run concurrently with the probationary period.

8.    Lateness which occurs during the probationary period under the following circumstances will not be counted against the allowance of five (5) days lateness per school year:

      a.    Delays of the public transportation system, provided the employee submits a copy of an official notification from the system's operating authority describing the nature of the claimed delay; such notification will be provided to the employee's immediate supervisor within a reasonable time not to exceed two weeks from the date of the delay,

      b.    Automobile accident or breakdown while traveling to her assigned location, provided the employee submits documents verifying the incident in the form of police reports and/or towing company receipts; such documentation will be provided to the employee's immediate supervisor within a reasonable time not to exceed two weeks from the date of the incident.

9.    Any automatic termination of the probationary period stated in paragraphs 3 through 5 above may be reviewed, at request of the Employee or her counsel or other authorized representative, by the Department's Office of Labor Relations and Collective Bargaining ("OLRCB"). The Employee agrees that any determination by OLRCB will be final and binding and not subject to judicial review or review in any other forum. Any request for review of an automatic probationary termination must be made in writing within ten (10) school days to the Director of OLRCB, with a copy simultaneously sent to the Department's attorney whose signature appears in this Stipulation below.

10.    The Employee agrees to pay a fine in the amount of two (2) week's gross pay. This fine will be deducted from Employee's paychecks in twenty (20) equal amounts following execution of this Stipulation by all parties. Should the Employee leave the Department prior to completing full payment of such fine, the final balance shall become due at the time of her last paycheck.

11.    The Employee agrees that if she is ever brought up on Education Law §3020-a charges while still employed by the Department after the successful completion of the probationary

3

period stated in paragraphs 3 through 5 above, the hearing officer or panel will be entitled to consider this Stipulation for the purposes of notice, and if Employee is subsequently found guilty of those charges, the hearing officer or panel will be entitled to consider this Stipulation for the purpose of assessing an appropriate penalty.

12. The parties to this Stipulation both knowingly waive their rights to make any legal or equitable claims, or to initiate legal or administrative proceedings of any kind against each other, based upon or arising out of the facts and circumstances of this case, or terms and condition of this Stipulation and agree to withdraw any pending legal or administrative proceedings, based upon or arising out of the facts and circumstances of this case, or based upon or arising out of terms and conditions of this Stipulation, except to enforce compliance of this Stipulation. The Employee further agrees to withdraw any such grievances, claims or actions that may have been commenced in any forum whatsoever arising out of the facts and circumstances of this case.

13. An executed copy of this Stipulation may be maintained in the Employee's personnel file; the files maintained by the Office of Legal Services; the Office of Labor Relations and Collective Bargaining; the files maintained by Arthur Riegel, Esq. who is presently standing as the sole arbitrator in disciplining cases arising under Article 11(a) of the MOA between the UFT and the DOE; and in the files maintained by the Regional Office. However, except as otherwise provided by this Stipulation, the Department will not make this Stipulation available outside of the Department to anyone other than the Employee without her express written consent, unless otherwise required by law.

14. Employee affirms that she has entered into this agreement freely, knowingly and openly, without coercion or duress, and that she has voluntarily waived all statutory, contractual, constitutional or other rights she may have held in this matter, including her right to a hearing in accordance with Education Law §3020-a.

15. The Employee affirms that she has consulted with counsel in reaching this agreement and has reviewed the terms of this Stipulation of Settlement and voluntarily enters into this agreement with the advice and consent of counsel.

16. Nothing in this Stipulation shall be deemed to be a practice or policy of the Department or of Community School District 4, or Region 9.

17. This written agreement contains all the terms and conditions agreed upon by the parties hereto and no other agreement, oral or otherwise, regarding said allegations and charges shall be deemed to exist or to bind the parties hereto or to vary any of the terms contained herein.

Dated: March 9, 2006

GEORGIA ARGYRIS
Employee

Dated: March 9, 2006

LESLIE J. MORSILLO, ESQ.
Attorney for Employer
Office of Labor Relations
N.Y.C. Department of Education
51 Chambers Street
New York, New York 10007

Dated: March 9, 2006

REBEKAH MARLER-MITCHELL
Principal, PS50M
Community School District 4, Region 9

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GEORGIA ARGYRIS,

                  Plaintiff,                   **SUMMONS**

         -against-                   Civil Action No.:

**07 CIV 9623**

BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK, and    Jury Trial Demanded
JOEL KLEIN, as Chancellor of the City School
District of the City of New York,

                  Defendants.
-----------------------------------------------------------------------X

TO:    BOARD OF EDUCATION OF THE CITY SCHOOL
       DISTRICT OF THE CITY OF NEW YORK and
       JOEL KLEIN, as Chancellor of the City School
       District of the City of New York,
       c/o Corporation Counsel of the City of New York
       100 Church Street
       New York, New York 10007

       **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's Attorney:

       JAMES R. SANDNER, ESQ.
       Melinda G. Gordon, Of Counsel
       New York State United Teachers
       52 Broadway, NY 10004
       (212) 533-6300

an answer to the complaint with is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint. You must also file your answer
with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**          OCT 3 0 2007
_____       _____
CLERK                             DATE

(BY) DEPUTY CLERK

NYC-Legal 111296

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## 07 CIV 9623

-----------------------------------------------------------------------X

GEORGIA ARGYRIS,

                          Plaintiff,                          **COMPLAINT**

               -against-                                      Civil Action No.:
                                                              07 Civ. _____

BOARD OF EDUCATION OF THE CITY SCHOOL          Jury Trial Demanded
DISTRICT OF THE CITY OF NEW YORK, and
JOEL KLEIN, as Chancellor of the City School
District of the City of New York,

                          Defendants.

-----------------------------------------------------------------------X

     Plaintiff, GEORGIA ARGYRIS, by her attorney JAMES R. SANDNER (Melinda G.

Gordon, of counsel), and STROOCK & STROOCK & LAVAN LLP and for her complaint,

respectfully alleges as follows:

### NATURE OF THE CASE

     1.     This is a civil action brought to remedy violations of the Family and Medical

Leave Act ("FMLA" or "Act"), 29 U.S.C. §§2601 *et seq.*, and all applicable regulations

thereunder; Plaintiff's rights guaranteed under the Due Process Clause of the Fifth Amendment

to the United States Constitution, Plaintiff's rights guaranteed under the Right to Counsel Clause

pursuant to the Sixth Amendment to the United States Constitution and Plaintiff's rights

guaranteed pursuant to Article 1 §6 of the New York State Constitution; and Plaintiff's statutory

rights under §§478 and 484 of the New York State Judiciary Law.

     2.     The Defendants, in violation of the aforementioned legal authority, acting

individually and in concert under color of state law, have failed to grant the Plaintiff leave

NYC-Legal 111296

protected by the FMLA, and have refused to restore the Plaintiff to her teaching position in

contravention of the FMLA and in retaliation for the free exercise of her rights thereunder; have

unlawfully deprived Plaintiff of her employment and her property interest in her tenured teaching

position without due process of law; and have acted without authority, failed to act upon, or

otherwise grant Plaintiff's requests to return to her teaching position with all the benefits and

emoluments of employment entitled to her thereunder.

3.     In connection therewith, Plaintiff seeks declaratory and equitable relief,

reinstatement and restoration of benefits, compensatory and punitive damages, costs, interest and

attorney fees against Defendants, as well as all other appropriate legal and equitable relief.

## JURISDICTION

4.     Jurisdiction is grounded on 29 U.S.C. §2617 and 28 U.S.C. §§1331, 1343(a)(3)

and (a)(4). Supplemental jurisdiction with regard to Plaintiff's State law claims is invoked under

the provisions of 28 U.S.C. §1367.

5.     Plaintiff's claims for compensatory and punitive damages are authorized by 29

U.S.C. §2617. Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. §§ 2201 and

2202. Plaintiff's claim for attorney fees is authorized by 29 U.S.C. §2617.

6.     Plaintiff filed a timely verified notice of claim against the Defendants Board of

Education of the City School District of the City of New York and Joel Klein as the Chancellor

of the City School District of the City of New York on or about January 30, 2007. The

Defendants have refused or neglected to make an adjustment or payment on said claim to date.

## VENUE

7.     Venue appropriately lies within this District pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PLAINTIFF

8.     Plaintiff GEORGIA ARGYRIS is a citizen of the United States and a resident of Bayside, Queens County, in the State of New York.

9.     Plaintiff was employed as a tenured teacher of kindergarten students by the Defendant Board of Education of the City School District of the City of New York.

## DEFENDANTS

10.     Defendant BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ("Board" or "District") is a board of education organized and existing pursuant to the laws of the State of New York, with responsibility for the general control, management, responsibility and administration of the Defendant CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ("District"), including the employment and dismissal of teachers in said school District in accordance with the law, and is generally responsible in all respects for said school District's compliance with the law.  The Defendant District has its offices in, and does a substantial portion of its business in, County of New York, State of New York, located within the Southern District of New York. The District's offices are located at 52 Chambers Street, New York, New York 10007.

11.     Defendant  JOEL KLEIN ("Klein" or "Chancellor") is and was employed, at all relevant times herein, by the District as Chancellor of the City School District of the City of New York, and, as such, functions as the superintendent of schools and chief executive officer of the

District. As Superintendent of the District, he is entrusted with those powers and duties set forth in Article 52-A of New York's *Education Law* (the "Education Law"), and as such, is empowered and duty bound to enforce all provisions of law and all rules and regulations relating to the management of the District, as well as to supervise and direct persons employed by defendant District, including but not limited to tenured teachers. The Defendant Chancellor has offices in, and does a substantial portion of his business in, County of New York, State of New York, located within the Southern District of New York, at 52 Chambers Street, New York, NY 10007. He is sued herein in both his official and individual capacity.

## STATEMENT OF FACTS

12.    On or about September 1997, Plaintiff was appointed by the Defendant Board of Education to the position of Teacher in the tenure area of elementary education as a kindergarten teacher.

13.    Pursuant to New York State Education Law, Plaintiff's appointment was subject to a probationary period of three years.

14.    Plaintiff successfully completed her three year probationary period, and thereupon received tenure in her position pursuant to New York State Education Law. Thereafter, Plaintiff continued to be employed as a tenured teacher of kindergarten students in the Defendant District.

15.    Pursuant to New York State Education Law, Plaintiff, as a tenured teacher, could not be removed from her position except for just cause shown after a due process hearing held in accordance with the provisions of Education Law §3020-a.

16.    In 2004, Ms. Argyris became the victim of a chain of events orchestrated by a newly appointed principal that set in place a domino reaction that resulted in an employment

crisis for Ms. Argyris. In October 2004, Ms. Argyris was falsely accused by the principal of engaging in an act of corporal punishment on a day that Ms. Argyris was not even in attendance at school. The principal later changed the date of the alleged act of corporal punishment to a date when Ms. Argyris was in school, but the alleged student victim was absent.

17.      Notwithstanding that the allegations were not processed into formal disciplinary charges, Ms. Argyris was removed from her classroom duties as a kindergarten teacher and reassigned to a Temporary Reassignment Center (hereinafter "TRC"), colloquially referred to as the "rubber room," and given non-pedagogical duties. Even though the allegations against Ms. Argyris never resulted in formal charges, Ms. Argyris remained under a cloud of suspicion while reassigned to the TRC.

18.      Although the allegations against Georgia Argyris were determined by the principal in January 2005 to be unwarranted, neither the principal or Defendants informed Ms. Argyris that she had been exonerated. Nor was Ms. Argyris returned to her school until September 2006, nearly two years later.

19.      Georgia Argyris is a devoted and committed educator. Defendants' unwarranted false accusations and willingness to allow Ms. Argyris to linger in the TRC, caused her significant distress.

20.      In a correspondence, dated February 2006, while reassigned to the TRC, the Board charged Ms. Argyris with excessive absenteeism and lateness from the TRC.

21.      Article 21 G 1 of the Collective Bargaining Agreement between the United Federation of Teachers and the Board of Education of the City School District of the City of New York, which covers teachers such as Ms. Argyris, sets out a procedure for the expedited

resolution of the discipline of tenured teachers for excessive absences and/or lateness where the penalty being sought by the Board is less than termination.

22.    In accordance with the procedures set forth in Article 21 G 1 of the Agreement, Ms. Argyris entered into a stipulation of settlement to resolve the time and attendance allegations lodged against her under the belief that she would be able to return to the classroom. By stipulation of settlement dated March 9, 2006, Ms. Argyris agreed to a probationary period regarding the number of times she could be absent and/or late during the remainder of the 2005-2006, and for the 2006-2007, 2007-2008 school years. The stipulation of settlement stated that if Ms. Argyris was absent or late a specific number of times during a specific time frame, she could be terminated without recourse to the *Education Law* §3020-a process. Ms. Argyris was represented at this proceeding by Sean Kelly, a person that she believed to be an attorney admitted to practice law in New York State. Pursuant to paragraph 9 of the stipulation of settlement, any termination during the probationary period may be reviewed at the request of the employee by the Defendants' Office of Labor Relations and Collective Bargaining ("OLRCB").

23.    In September 2006, Ms. Argyris was returned to work under the very principal who had falsely accused her of corporal punishment. As part of the principal's continuing campaign to humiliate Ms. Argyris, she was not returned to her kindergarten assignment, but was given other administrative duties.

24.    On September 14, 2006, and multiple occasions thereafter, Ms. Argyris requested that the principal sign a request granting Ms. Argyris an unpaid leave of absence for the restoration of health. The principal refused to sign this request so that it could be processed by Defendants. Without the principal's signature, Ms. Argyris' request could not be

administratively processed by the Defendants' Medical Bureau. The principal's failure to ministerially sign-off on this request was a continuation of the principal's campaign to harass and intimidate Ms. Argyris.

25.    On or about September 14, 2006, Ms. Argyris also requested that the principal grant her an unpaid leave pursuant to the Family Medical Leave Act ("FMLA"). The request was signed on or about September 19, 2006, by Dr. Irwin Feldinger, a licensed clinical psychologist and detailed the treatment and medications Ms. Argyris was receiving. The principal refused to sign this request so that it could be processed by Defendants. Without the principal's signature, Ms. Argyris' request could not be administratively processed by Defendants' Medical Bureau. The principal's failure to ministerially sign off on this request was a continuation of the principal's campaign to harass and intimidate Ms. Argyris.  This resulted in further depression and additional time and attendance problems for Ms. Argyris.

26.    On or about September 15, 2007 Defendants' Medical Bureau examined Ms. Argyris and recommended a health leave. However, because of the principal's failure to execute any of Plaintiff's leave requests, the recommendation could not be administratively processed by Defendants.

27.    On October 30, 2006, Ms. Argyris was terminated for failing to comply with the terms and conditions of the time and attendance  stipulation of settlement.

28.    On or about October 31, 2006, Ms. Argyris learned that Sean Kelly, the person who negotiated the stipulation of settlement on her behalf with the Board, was not admitted to the New York State Bar at the time he negotiated her stipulation of settlement.

29.    Plaintiff communicated her desire to return as a tenured teacher employed by the Defendants by filing and serving the Defendants with a Notice of Claim on or about January 30, 2007.

30.    Defendants have neglected such notice of claim and have continued to refuse to restore Plaintiff to her position, despite Plaintiff's repeated attempts to return to work as a tenured teacher employed by the Defendants.

31.    Upon information and belief, Defendants' arbitrary, capricious, and unlawful actions have caused Plaintiff personal damages in addition to the loss of salary, benefits, and other emoluments of employment for which the Defendants are liable.

32.    Upon information and belief, Defendants' actions also were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and proximate result thereof Plaintiff suffered and continues to suffer economic and emotional damage in a total amount to be proven at trial; therefore Plaintiff seeks exemplary and punitive damages in an amount sufficient to deter said Defendants from similar future wrongful conduct.

33.    As a further direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer impairment and damage to Plaintiff's good name and reputation by Defendants.

34.    As a further direct and proximate result of Defendants' actions, Plaintiff has been unable, despite reasonable efforts, to find comparable employment, and has been deprived of other employment opportunities as a result of her unlawful deprivation of employment.

## AS AND FOR A FIRST CAUSE OF ACTION

### Family Medical Leave Act ("FMLA")

35.    Plaintiff repeats and re-alleges and incorporates by reference herein each and every allegation contained above.

36.    Plaintiff requested said leave of absence from the District to care for her own serious health condition, as that phrase is defined by the FMLA, 29 U.S.C. §2611(11) and 29 C.F.R. §825.114, Plaintiff was suffering from an illness or impairment and under the continuing treatment of a health care provider.  For other and further reasons, Plaintiff suffered from a serious health condition at all relevant times as that phrase is defined by the Act.

37.    Defendant District was and is an "employer", as that term is defined by the FMLA, 29 U.S.C. §2611(4), and therefore comes within the scope and coverage of the Act, for, among other reasons, having engaged in commerce or any activity affecting commerce and having employed fifty or more employees for the requisite time period.

38.    Defendant Chancellor was and is an "employer" at all relevant times, as that term is defined by the FMLA, 29 U.S.C. §2611(4), and therefore comes within the scope and coverage of the Act, having acted,directly or indirectly in the interests of the District with respect to employees of the District, such District having been an "employer" within the meaning of the Act and covered by the Act.

39.    Plaintiff was an "eligible employee" as that term is defined by the FMLA, 29 U.S.C. §2611(2), entitled to all of the rights and benefits of the Act, at the time leave was requested.

40.    Due to the deteriorating nature of the health condition of Plaintiff, thirty (30) days

notice for the requested leave was not practicable. Plaintiff's need for said leave of absence was not foreseeable, and Plaintiff gave Defendants all practicable notice.

41.    Even if the giving of thirty days notice was practicable, Defendants had no authority to forever bar Plaintiff from a FMLA leave but were instead merely limited to delaying their approval of Plaintiff's leave request for a period of thirty days, in accordance with 29 C.F.R. § 825.207(h).

42.    Upon information and belief, Defendants further failed in their obligations under the FMLA and 29 C.F.R. §825.301 to provide posted notices and other materials to its employees regarding their rights and obligations under the Act.

43.    Upon the foregoing allegations, Plaintiff was entitled to FMLA leave from her position with the Defendant District following her September, 2006 request for such leave, and Defendants' refusal to process such leave violated Plaintiff's rights under the FMLA, entitling Plaintiff to the relief requested in this Complaint.

44.    The acts of Defendants further constitute a "willful" violation under the Act, and thus Plaintiff is entitled to recover damages as provided for in 29 U.S.C. §2617.

## AS AND FOR A SECOND CAUSE OF ACTION

### Fifth Amendment Deprivation
### Without Due Process of Law

45.    Plaintiff repeats and re-alleges and incorporates by reference herein each and every allegation contained above.

46.    Plaintiff, as a tenured teacher in the Defendants' employ, had a property interest in her position and was entitled to representation and confrontation of witnesses by counsel at the proceeding wherein she was charged with excessive absenteeism and lateness. The stipulation of

NYC-Legal 111296

settlement entered into between Plaintiff and the Defendants should be declared void *ab initio* because the person who appeared as counsel on Plaintiff's behalf was not an attorney pursuant to the rules of New York State and thus failed to provide Plaintiff representation within the rights to due process as guaranteed by the Fifth Amendment of the United States Constitution.

### AS AND FOR A THIRD CAUSE OF ACTION

### Sixth Amendment Deprivation of the Right to Counsel

47.     Plaintiff repeats and re-alleges and incorporates by reference herein each and every allegation contained above.

48.     Plaintiff, as a tenured teacher in the Defendants' employ, had a property interest in her position and was entitled to representation by counsel at the proceeding wherein she was charged with excessive absenteeism and lateness.  The stipulation of settlement entered into between Plaintiff and the Defendants should be declared void *ab initio* because the person who appeared as counsel on Plaintiff's behalf was not an attorney pursuant to  the rules of New York State and thus failed to provide Plaintiff representation and the rights to counsel as guaranteed by the Sixth Amendment of the United States Constitution.

### AS AND FOR A FOURTH CAUSE OF ACTION

### Article I,§ 6 of the New York State Constitution

49.     Article I,  §6 of the New York State Constitution protects the property interests of teachers in their tenure right, which cannot be deprived without due process of law and the right to counsel.

50.     Plaintiff, as a tenured teacher in the Defendants' employ, had a property interest in her position and was entitled to representation by counsel at the proceeding wherein she was

charged with excessive absenteeism and lateness. The stipulation of settlement entered into between Plaintiff and the Defendants should be declared void *ab initio* because the person who appeared as counsel on Plaintiff's behalf was not an attorney pursuant to the rules of New York State and thus failed to provide Plaintiff representation and the right to counsel as guaranteed by the Article 1, §6 of the New York State Constitution.

## AS AND FOR A FIFTH CAUSE OF ACTION

### Pendant State Law Claim for Violation
### Of Judiciary Law §478, 484

51.     Plaintiff repeats and re-alleges and incorporates by reference herein each and every allegation contained above.

52.     Defendants, as parties to the stipulation of settlement executed by Plaintiff, are necessary parties to this claim.

53.     Plaintiff, as a tenured teacher in the Defendants' employ, had a property interest in her position and was entitled to representation by counsel at the proceeding wherein she was charged with excessive absenteeism and lateness. The stipulation of settlement entered into between Plaintiff and the Defendants should be declared void *ab initio* because the person who appeared as counsel on Plaintiff's behalf was not an attorney pursuant to the rules of New York State and thus failed to provide Plaintiff with effective assistance of counsel as guaranteed by §§478 and 484 of the New York State Judiciary Law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands judgment as follows:

A.     Granting judgment annulling the March 9, 2006 stipulation of settlement between Plaintiff and the Defendants, and directing reinstatement of Plaintiff as a tenured teacher employed by the Defendants *nunc pro tunc*;

B.    Declaring that the acts and practices complained of herein are in violation of the
      United States Constitution, the Constitution of the State of New York, the FMLA,
      and enjoining and permanently restraining these violations of law;

C.    Directing Defendants to take such affirmative action as is necessary to ensure that
      the effect of these unlawful employment practices are eliminated;

D.    Directing Defendants to make Plaintiff whole for all earnings and other
      compensation and benefits she would have received but for Defendants' unlawful
      actions, including but not limited to all seniority, salary, rights, benefits and
      emoluments to which Plaintiff would have been entitled;,

E.    Granting Plaintiff judgment against Defendants, jointly and severally, for punitive,
      exemplary and liquidated damages in an amount to be established at trial; and

F.    Granting Plaintiff such other and further relief as this Court deems just and
      proper.


Dated: New York, NY
       October 29, 2007

                                        Respectfully Submitted,

                                        JAMES R. SANDNER (JS-0360)
                                        Attorney for Plaintiff
                                        52 Broadway, 9th Floor
                                        New York, NY 10004-1614
                                        (212) 533-6300

                              By:       _____
                                        MELINDA G. GORDON (MG-0939)
                                        Senior Counsel


                                        STROOCK & STROOCK & LAVAN LLP
                                        180 Maiden Lane
                                        New York, NY 10038-4982
                                        212-806-5400

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

GEORGIA ARGYRIS,

                              Plaintiff,

                -against-

BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK, and JOEL
KLEIN, as Chancellor of the City School District of the
City of New York,

                            Defendants.

-------------------------------------------------------------------- x

**ANSWER**

07 CV 9623 (DC)

        Defendants by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege as follows:

        1.  Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

        2.  Deny the allegations set forth in paragraph "2" of the complaint.

        3.  Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

        4.  Deny the allegations set forth in paragraph "4" of the complaint and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their content.

        5.  Deny the allegations set forth in paragraph "5" of the complaint and respectfully refer the Court to the statutes referred to for a complete and accurate statement of their contents.

        6.  Deny the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint and respectfully refer the Court to the statute referred to for a complete and accurate statement of its content.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that the New York City Department of Education ("DOE") is a municipal corporation with offices located at 52 Chambers Street, New York, NY 10007 and respectfully refer the Court to Article 52A of the New York State Education Law for a statement setting forth the function of the DOE.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that Joel Klein is employed as the Chancellor for the New York City Department of Education and respectfully refer the Court to Education Law § 2590-h for the powers and duties of the Chancellor.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff was appointed as a probationary teacher on or about September 1997.

13. Admit the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit upon information and belief, that plaintiff completed her three year probationary period.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit, upon information and belief, that plaintiff was reassigned to the Manhattan Regional Operation Center on or about October 26, 2004.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit upon information and belief, that plaintiff returned to P.S./I.S. 50 in September 2006.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit upon information and belief, that a Notice of Hearing dated February 10, 2006 was sent to plaintiff.

21. Deny the allegations set forth in paragraph "21" of the complaint, and respectfully refer the Court to the Article of the Collective Bargaining Agreement referred to for a complete and accurate statement of its contents.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit, upon information and belief, that plaintiff entered into a stipulation of settlement dated March 9, 2006, and respectfully refer the Court to the stipulation of settlement for a complete and accurate statement of its contents.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit that plaintiff was examined by the Medical Bureau and affirmatively state that plaintiff failed to timely submit required documentation requested by the Medical Bureau.

27. Admit the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's efforts to find comparable employment.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and re-allege each and every response set forth above to paragraphs "1" through "34" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint and respectfully refer the Court to the statutes referred to for a complete and accurate statement of their contents.

37. Deny the allegations set forth in paragraph "37" of the complaint and respectfully refer the Court to the statute referred to for a complete and accurate statement of its content, except admit upon information and belief, that the DOE is an employer as defined by FMLA 29 USC § 2611(4).

38. Deny the allegations set forth in paragraph "38" of the complaint and respectfully refer the Court to the statute referred to for a complete and accurate statement of its content.

39. Deny the allegations set forth in paragraph "39" of the complaint and respectfully refer the Court to the statute referred to for a complete and accurate statement of its content, and affirmatively state that plaintiff is not an "eligible employee" as defined by FMLA, 29 USC § 2611(2), because plaintiff did not work at least 1,250 hours of service during the previous 12 month period. Plaintiff's hours worked the preceding 12 months of when the leave was requested is annexed hereto as Exhibit "A."

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint and respectfully refer the Court to the statute referred to for a complete and accurate statement if its content.

42. Deny the allegations set forth in paragraph "42" of the complaint and respectfully refer the Court to the statutes referred to for a complete and accurate statement of their contents.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendants repeat and re-allege each and every response set forth above to paragraphs "1" through "44" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and re-allege each and every response set forth above to paragraphs "1" through "46" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint and respectfully refer the Court to Article I, § 6 of the New York State Constitution for a complete and accurate statement of its content.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and re-allege each and every response set forth above to paragraphs "1" through "50" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint and affirmatively state that this paragraph contains legal arguments, rather than factual allegations, and that no response is required thereto.

53. Deny the allegations set forth in paragraph "53" of the complaint.

## FOR A FIRST DEFENSE:

54.     The complaint fails to state a claim upon which relief can be granted.

## FOR A SECOND DEFENSE:

55.     The plaintiff is not an "eligible employee" as defined by FMLA, 29 USC § 2611(2), because plaintiff did not work at least 1,250 hours of service during the previous 12 month period.  See Exhibit "A" annexed hereto.

## FOR A THIRD DEFENSE:

56.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### FOR A FOURTH DEFENSE:

57.    The Chancellor is not plaintiff's employer within the meaning of the FMLA and, therefore, all such claims against him must be dismissed.

### FOR A FIFTH DEFENSE:

58.    All of plaintiff's state law claims are barred because of plaintiff's failure to file a timely notice of claim under Education Law § 3813.

### FOR A SIXTH DEFENSE:

59.    The individually named defendant is immune under the doctrine of qualified immunity.

### FOR A SEVENTH DEFENSE:

60.    Plaintiff's claim for front and/or back pay are barred by her failure to mitigate damages.

### FOR AN EIGHTH DEFENSE

61.    Complaint must be dismissed because plaintiff has failed to name and serve a necessary party to this action.

### FOR A NINTH DEFENSE

62.    All of plaintiff's state law claims are barred by the applicable statute of limitations.

**WHEREFORE,** defendants request judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            January 22, 2008


                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-107
                              New York, New York 10007
                              (212) 442-0144

                      By:     _____
                              Robyn Silvermintz
                              Assistant Corporation Counsel
                              rsilverm@law.nyc.gov

EXHIBIT A

```
USER: DELTPT6    NYC PUBLIC SCHOOLS EMPLOYEE INFORMATION SYSTEM    EIIM751
 01/22 17:06              TIME AND ATTENDANCE INQUIRY

EIS ID: 0719864    SSN: 377960797      NAME: GEORGIA        ARGYRIS
FROM DATE: 10 01 2005   TO DATE: 10 15 2006


EARNED    EVENT  EVENT                 EVENT TIME RECORD     ENTERED    USER
DATE      CODES  DESCRIPTION           DY HRS MIN STATUS     DATE       ID
--------  -----  -----------------     -- --- --- ------     --------   ------
10/31/05  50U00  ABSENCE UNAUTH         1   0   0  C P   SG  01/30/06  EDAWSON
10/31/05  41A00  SELF TREATED           1   0   0  C P   AJ  01/30/06  EDAWSON
10/28/05  50U00  ABSENCE UNAUTH         0   2  41  C P   SG  01/30/06  EDAWSON
10/28/05  41A00  SELF TREATED           1   0   0  C P   AJ  01/30/06  EDAWSON
10/27/05  41A00  SELF TREATED           0   1  17  C P   AJ  01/30/06  EDAWSON
10/26/05  41A00  SELF TREATED           0   1  24  C P   AJ  01/30/06  EDAWSON
10/25/05  41A00  SELF TREATED           1   0   0  C P   AJ  01/30/06  EDAWSON
10/24/05  41A00  SELF TREATED           1   0   0  C P   AJ  01/30/06  EDAWSON
10/21/05  49AAC  FRACTIONAL ABS         0   1  29  C P   AJ  01/30/06  EDAWSON
10/20/05  49AAC  FRACTIONAL ABS         0   2  31  C P   AJ  01/30/06  EDAWSON
10/19/05  49AAC  FRACTIONAL ABS         0   0  55  C P   AJ  01/30/06  EDAWSON
10/18/05  49AAC  FRACTIONAL ABS         0   1  26  C P   AJ  01/30/06  EDAWSON
10/17/05  41A00  SELF TREATED           1   0   0  C P   AJ  01/30/06  EDAWSON
10/14/05  49AAC  FRACTIONAL ABS         0   1  32  C P   AJ  01/30/06  EDAWSON
10/12/05  41A00  SELF TREATED           1   0   0  C P   AJ  01/30/06  EDAWSON
10/11/05  41A00  SELF TREATED           1   0   0  C P   AJ  01/30/06  EDAWSON
10/07/05  49AAC  FRACTIONAL ABS         0   2  38  C P   AJ  01/30/06  EDAWSON
10/06/05  49AAC  FRACTIONAL ABS         0   1  19  C P   AJ  01/30/06  EDAWSON
10/03/05  49AAC  FRACTIONAL ABS         0   1  10  C P   AJ  01/30/06  EDAWSON

NO MORE ITEMS TO DISPLAY
```

```
USER: DFLTPT6    NYC PUBLIC SCHOOLS EMPLOYEE INFORMATION SYSTEM    EI1M751
01/22 17:06            TIME AND ATTENDANCE INQUIRY

EIS ID: 0719864    SSN: 377960797    NAME: GEORGIA        ARGYRIS
FROM DATE: 10 01 2005  TO DATE: 10 15 2006

EARNED    EVENT EVENT                       EVENT TIME RECORD      ENTERED    USER
DATE      CODES DESCRIPTION                 DY HRS MIN STATUS      DATE       ID
--------  ----- --------------------------  -- --- --- ---------  --------   --------
12/23/05  50U00 ABSENCE UNAUTH              1   0   0  C P    SG   01/30/06   EDAWSON
12/23/05  41A00 SELF TREATED                1   0   0  C P    AJ   01/30/06   EDAWSON
12/22/05  50U00 ABSENCE UNAUTH              1   0   0  C P    SG   01/30/06   EDAWSON
12/22/05  41A00 SELF TREATED                1   0   0  C P    AJ   01/30/06   EDAWSON
12/21/05  50U00 ABSENCE UNAUTH              1   0   0  C P    SG   01/30/06   EDAWSON
12/21/05  41A00 SELF TREATED                1   0   0  C P    AJ   01/30/06   EDAWSON
12/20/05  50U00 ABSENCE UNAUTH              1   0   0  C P    SG   01/30/06   EDAWSON
12/20/05  41A00 SELF TREATED                1   0   0  C P    AJ   01/30/06   EDAWSON
12/19/05  49AAC FRACTIONAL ABS              0   0  36  C P    AJ   01/30/06   EDAWSON
12/16/05  50U00 ABSENCE UNAUTH              1   0   0  C P    SG   01/30/06   EDAWSON
12/16/05  41A00 SELF TREATED                1   0   0  C P    AJ   01/30/06   EDAWSON
12/15/05  50U00 ABSENCE UNAUTH              1   0   0  C P    SG   01/30/06   EDAWSON
12/15/05  41A00 SELF TREATED                1   0   0  C P    AJ   01/30/06   EDAWSON
12/14/05  50U00 ABSENCE UNAUTH              1   0   0  C P    SG   01/30/06   EDAWSON
12/14/05  41A00 SELF TREATED                1   0   0  C P    AJ   01/30/06   EDAWSON
12/13/05  49AAC FRACTIONAL ABS              0   2  10  C P    AJ   01/30/06   EDAWSON
12/12/05  49AAC FRACTIONAL ABS              0   1  13  C P    AJ   01/30/06   EDAWSON
12/09/05  50U00 ABSENCE UNAUTH              1   0   0  C P    SG   01/30/06   EDAWSON
12/09/05  41A00 SELF TREATED                1   0   0  C P    AJ   01/30/06   EDAWSON
12/08/05  49AAC FRACTIONAL ABS              0   1  19  C P    AJ   01/30/06   EDAWSON
12/07/05  49AAC FRACTIONAL ABS              0   0  51  C P    AJ   01/30/06   EDAWSON
12/06/05  50U00 ABSENCE UNAUTH              1   0   0  C P    SG   01/30/06   EDAWSON
12/06/05  41A00 SELF TREATED                1   0   0  C P    AJ   01/30/06   EDAWSON
12/05/05  50U00 ABSENCE UNAUTH              1   0   0  C P    SG   01/30/06   EDAWSON
12/05/05  41A00 SELF TREATED                1   0   0  C P    AJ   01/30/06   EDAWSON
12/02/05  50U00 ABSENCE UNAUTH              1   0   0  C P    SG   01/30/06   EDAWSON
12/02/05  41A00 SELF TREATED                1   0   0  C P    AJ   01/30/06   EDAWSON
12/01/05  50U00 ABSENCE UNAUTH              1   0   0  C P    SG   01/30/06   EDAWSON
12/01/05  41A00 SELF TREATED                1   0   0  C P    AJ   01/30/06   EDAWSON
11/30/05  49AAC FRACTIONAL ABS              0   2   5  C P    AJ   01/30/06   EDAWSON
11/29/05  50U00 ABSENCE UNAUTH              1   0   0  C P    SG   01/30/06   EDAWSON
11/29/05  41A00 SELF TREATED                1   0   0  C P    AJ   01/30/06   EDAWSON
11/28/05  50U00 ABSENCE UNAUTH              0   2   6  C P    SG   01/30/06   EDAWSON
11/28/05  41A00 SELF TREATED                0   2   6  C P    AJ   01/30/06   EDAWSON
11/23/05  50U00 ABSENCE UNAUTH              1   0   0  C P    SG   01/30/06   EDAWSON
11/23/05  41A00 SELF TREATED                1   0   0  C P    AJ   01/30/06   EDAWSON
11/22/05  49AAC FRACTIONAL ABS              0   2  55  C P    AJ   01/30/06   EDAWSON
11/21/05  49A00 LATENESS                    0   0  17  C P    AJ   01/30/06   EDAWSON
11/18/05  50U00 ABSENCE UNAUTH              1   0   0  C P    SG   01/30/06   EDAWSON
11/18/05  41A00 SELF TREATED                1   0   0  C P    AJ   01/30/06   EDAWSON
11/17/05  50U00 ABSENCE UNAUTH              1   0   0  C P    SG   01/30/06   EDAWSO
11/17/05  41A00 SELF TREATED                1   0   0  C P    AJ   01/30/06   EDAWSO
11/15/05  50U00 ABSENCE UNAUTH              1   0   0  C P    SG   01/30/06   EDAWSO
11/15/05  41A00 SELF TREATED                1   0   0  C P    AJ   01/30/06   EDAWSO
11/14/05  49A00 LATENESS                    0   0   6  C P    AJ   01/30/06   EDAWSO
11/10/05  49AAC FRACTIONAL ABS              0   1  48  C P    AJ   01/30/06   EDAWSO
11/09/05  49AAC FRACTIONAL ABS              0   1  51  C P    AJ   01/30/06   EDAWSO
11/08/05  50U00 ABSENCE UNAUTH              0   1   8  C P    SG   01/30/06   EDAWSO
11/08/05  41A00 SELF TREATED                0   1   8  C P    AJ   01/30/06   EDAWSO
11/07/05  49AAC FRACTIONAL ABS              0   0  53  C P    AJ   01/30/06   EDAWSO
11/04/05  49AAC FRACTIONAL ABS              0   0  33  C P    AJ   01/30/06   EDAWSO
11/03/05  50U00 ABSENCE UNAUTH              1   0   0  C P    SG   01/30/06   EDAWSO
11/03/05  41A00 SELF TREATED                1   0   0  C P    AJ   01/30/06   EDAWSON
11/02/05  50U00 ABSENCE UNAUTH              1   0   0  C P    SG   01/30/06   EDAWSON
11/02/05  41A00 SELF TREATED                1   0   0  C P    AJ   01/30/06   EDAWSON
11/01/05  49AAC FRACTIONAL ABS              0   2  15  C P    AJ   01/30/06   EDAWSON
```

```
USER: DELTPT6    NYC PUBLIC SCHOOLS EMPLOYEE INFORMATION SYSTEM    EI1M751
  01/22 17:06              TIME AND ATTENDANCE INQUIRY

EIS ID: 0719864    SSN: 377960797    NAME: GEORGIA        ARGYRIS
FROM DATE: 10 01 2005  TO DATE: 10 15 2006

EARNED    EVENT EVENT                    EVENT TIME RECORD      ENTERED    USER
DATE      CODES DESCRIPTION             DY HRS MIN STATUS      DATE       ID
--------  ----- -----------------       -- --- --- ---------  --------   --------
01/31/06  50U00 ABSENCE UNAUTH           1   0   0  C  P   SG  02/08/06  EDAWSON
01/31/06  41A00 SELF TREATED             1   0   0  C  P   AJ  02/08/06  EDAWSON
01/30/06  50U00 ABSENCE UNAUTH           1   0   0  C  P   SG  02/08/06  EDAWSON
01/30/06  41A00 SELF TREATED             1   0   0  C  P   AJ  02/08/06  EDAWSON
01/27/06  50U00 ABSENCE UNAUTH           1   0   0  C  P   SG  02/08/06  EDAWSON
01/27/06  41A00 SELF TREATED             1   0   0  C  P   AJ  02/08/06  EDAWSON
01/26/06  49AAC FRACTIONAL ABS           0   1  14  C  P   AJ  02/08/06  EDAWSON
01/25/06  49AAC FRACTIONAL ABS           0   1  10  C  P   AJ  02/08/06  EDAWSON
01/24/06  50U00 ABSENCE UNAUTH           1   0   0  C  P   SG  02/08/06  EDAWSON
01/24/06  41A00 SELF TREATED             1   0   0  C  P   AJ  02/08/06  EDAWSON
01/23/06  50U00 ABSENCE UNAUTH           1   0   0  C  P   SG  02/08/06  EDAWSON
01/23/06  41A00 SELF TREATED             1   0   0  C  P   AJ  02/08/06  EDAWSON
01/20/06  50U00 ABSENCE UNAUTH           1   0   0  C  P   SG  02/08/06  EDAWSON
01/20/06  41A00 SELF TREATED             1   0   0  C  P   AJ  02/08/06  EDAWSON
01/19/06  50U00 ABSENCE UNAUTH           1   0   0  C  P   SG  02/08/06  EDAWSON
01/19/06  41A00 SELF TREATED             1   0   0  C  P   AJ  02/08/06  EDAWSON
01/18/06  50U00 ABSENCE UNAUTH           1   0   0  C  P   SG  02/08/06  EDAWSON
01/18/06  41A00 SELF TREATED             1   0   0  C  P   AJ  02/08/06  EDAWSON
01/17/06  50U00 ABSENCE UNAUTH           1   0   0  C  P   SG  02/08/06  EDAWSON
01/17/06  41A00 SELF TREATED             1   0   0  C  P   AJ  02/08/06  EDAWSON
01/13/06  49AAC FRACTIONAL ABS           0   1  43  C  P   AJ  02/08/06  EDAWSON
01/12/06  49AAC FRACTIONAL ABS           0   1  22  C  P   AJ  02/08/06  EDAWSON
01/11/06  50U00 ABSENCE UNAUTH           1   0   0  C  P   SG  02/08/06  EDAWSON
01/11/06  41A00 SELF TREATED             1   0   0  C  P   AJ  02/08/06  EDAWSON
01/10/06  50U00 ABSENCE UNAUTH           1   0   0  C  P   SG  02/08/06  EDAWSON
01/10/06  41A00 SELF TREATED             1   0   0  C  P   AJ  02/08/06  EDAWSON
01/06/06  49AAC FRACTIONAL ABS           0   0  47  C  P   AJ  02/08/06  EDAWSON
01/05/06  50U00 ABSENCE UNAUTH           1   0   0  C  P   SG  02/08/06  EDAWSON
01/05/06  41A00 SELF TREATED             1   0   0  C  P   AJ  02/08/06  EDAWSON
01/04/06  49AAC FRACTIONAL ABS           0   1  12  C  P   AJ  02/08/06  EDAWSON
01/03/06  49AAC FRACTIONAL ABS           0   1  48  C  P   AJ  02/08/06  EDAWSON
```

```
USER: DFLTPT6    NYC PUBLIC SCHOOLS EMPLOYEE INFORMATION SYSTEM    EIIM751
  01/22 17:06              TIME AND ATTENDANCE INQUIRY

EIS ID: 0719864    SSN: 377960797    NAME: GEORGIA        ARGYRIS
FROM DATE: 10 01 2005    TO DATE: 10 15 2006
```

| EARNED DATE | EVENT CODES | EVENT DESCRIPTION | EVENT DY | TIME HRS | MIN | RECORD STATUS | | ENTERED DATE | USER ID |
|---|---|---|---|---|---|---|---|---|---|
| 03/10/06 | 50U00 | ABSENCE UNAUTH | 1 | 0 | 0 | C P | SG | 05/02/06 | EDAWSON |
| 03/10/06 | 41A00 | SELF TREATED | 1 | 0 | 0 | C P | AJ | 05/02/06 | EDAWSON |
| 03/09/06 | 49AAC | FRACTIONAL ABS | 0 | 1 | 15 | C P | AJ | 05/02/06 | EDAWSON |
| 03/09/06 | 49AAB | FRA ABS DED/RG | 1 | 0 | 0 | C P | SG | 05/24/06 | EBX7J |
| 03/09/06 | 49AAB | FRA ABS DED/RG | 1 | 0 | 0 | C P | SG | 05/24/06 | EBX7J |
| 03/09/06 | 49AAB | FRA ABS DED/RG | 1 | 0 | 0 | C P | SG | 05/24/06 | EBX7J |
| 03/09/06 | 49AAB | FRA ABS DED/RG | 1 | 0 | 0 | C P | SG | 05/24/06 | EBX7J |
| 03/09/06 | 49AAB | FRA ABS DED/RG | 1 | 0 | 0 | C P | SG | 05/24/06 | EBX7J |
| 03/09/06 | 49AAB | FRA ABS DED/RG | 1 | 0 | 0 | C P | SG | 05/24/06 | EBX7J |
| 03/09/06 | 49AAB | FRA ABS DED/RG | 1 | 0 | 0 | C P | SG | 05/24/06 | EBX7J |
| 03/09/06 | 49AAB | FRA ABS DED/RG | 1 | 0 | 0 | C P | SG | 05/24/06 | EBX7J |
| 03/09/06 | 49AAB | FRA ABS DED/RG | 1 | 0 | 0 | C P | SG | 05/24/06 | EBX7J |
| 03/09/06 | 49AAB | FRA ABS DED/RG | 1 | 0 | 0 | C P | SG | 05/24/06 | EBX7J |
| 03/08/06 | 49AAC | FRACTIONAL ABS | 0 | 1 | 15 | C P | AJ | 05/02/06 | EDAWSON |
| 03/07/06 | 49AAC | FRACTIONAL ABS | 0 | 1 | 15 | C P | AJ | 05/02/06 | EDAWSON |
| 03/06/06 | 50U00 | ABSENCE UNAUTH | 1 | 0 | 0 | C P | SG | 05/02/06 | EDAWSON |
| 03/06/06 | 41A00 | SELF TREATED | 1 | 0 | 0 | C P | AJ | 05/02/06 | EDAWSON |
| 03/03/06 | 50U00 | ABSENCE UNAUTH | 1 | 0 | 0 | C P | SG | 05/02/06 | EDAWSON |
| 03/03/06 | 41A00 | SELF TREATED | 1 | 0 | 0 | C P | AJ | 05/02/06 | EDAWSON |
| 03/02/06 | 50U00 | ABSENCE UNAUTH | 1 | 0 | 0 | C P | SG | 05/02/06 | EDAWSON |
| 03/02/06 | 41A00 | SELF TREATED | 1 | 0 | 0 | C P | AJ | 05/02/06 | EDAWSON |
| 03/01/06 | 49AAC | FRACTIONAL ABS | 0 | 1 | 15 | C P | AJ | 05/02/06 | EDAWSON |
| 02/28/06 | 49AAC | FRACTIONAL ABS | 0 | 1 | 43 | C P | AJ | 03/14/06 | EDAWSON |
| 02/27/06 | 49AAC | FRACTIONAL ABS | 0 | 1 | 2 | C P | AJ | 03/14/06 | EDAWSON |
| 02/17/06 | 50U00 | ABSENCE UNAUTH | 1 | 0 | 0 | C P | SG | 03/14/06 | EDAWSON |
| 02/17/06 | 41A00 | SELF TREATED | 1 | 0 | 0 | C P | AJ | 03/14/06 | EDAWSON |
| 02/16/06 | 50U00 | ABSENCE UNAUTH | 1 | 0 | 0 | C P | SG | 03/14/06 | EDAWSON |
| 02/16/06 | 41A00 | SELF TREATED | 1 | 0 | 0 | C P | AJ | 03/14/06 | EDAWSON |
| 02/15/06 | 50U00 | ABSENCE UNAUTH | 1 | 0 | 0 | C P | SG | 03/14/06 | EDAWSON |
| 02/15/06 | 41A00 | SELF TREATED | 1 | 0 | 0 | C P | AJ | 03/14/06 | EDAWSON |
| 02/14/06 | 50U00 | ABSENCE UNAUTH | 1 | 0 | 0 | C P | SG | 03/14/06 | EDAWSON |
| 02/14/06 | 41A00 | SELF TREATED | 1 | 0 | 0 | C P | AJ | 03/14/06 | EDAWSON |
| 02/13/06 | 50U00 | ABSENCE UNAUTH | 1 | 0 | 0 | C P | SG | 03/14/06 | EDAWSON |
| 02/13/06 | 41A00 | SELF TREATED | 1 | 0 | 0 | C P | AJ | 03/14/06 | EDAWSON |
| 02/10/06 | 49AAC | FRACTIONAL ABS | 0 | 1 | 23 | C P | AJ | 03/14/06 | EDAWSON |
| 02/09/06 | 49AAC | FRACTIONAL ABS | 0 | 1 | 32 | C P | AJ | 03/14/06 | EDAWSON |
| 02/08/06 | 49AAC | FRACTIONAL ABS | 0 | 1 | 30 | C P | AJ | 03/14/06 | EDAWSON |
| 02/07/06 | 50U00 | ABSENCE UNAUTH | 1 | 0 | 0 | C P | SG | 03/14/06 | EDAWSON |
| 02/07/06 | 41A00 | SELF TREATED | 1 | 0 | 0 | C P | AJ | 03/14/06 | EDAWSON |
| 02/06/06 | 50U00 | ABSENCE UNAUTH | 1 | 0 | 0 | C P | SG | 03/14/06 | EDAWSON |
| 02/06/06 | 41A00 | SELF TREATED | 1 | 0 | 0 | C P | AJ | 03/14/06 | EDAWSON |
| 02/03/06 | 50U00 | ABSENCE UNAUTH | 1 | 0 | 0 | C P | SG | 03/14/06 | EDAWSON |
| 02/03/06 | 41A00 | SELF TREATED | 1 | 0 | 0 | C P | AJ | 03/14/06 | EDAWSON |
| 02/02/06 | 50U00 | ABSENCE UNAUTH | 1 | 0 | 0 | C P | SG | 03/14/06 | EDAWSON |
| 02/02/06 | 41A00 | SELF TREATED | 1 | 0 | 0 | C P | AJ | 03/14/06 | EDAWSON |
| 02/01/06 | 49AAC | FRACTIONAL ABS | 0 | 0 | 47 | C P | AJ | 03/14/06 | EDAWSON |

```
USER: DFLTPT6    NYC PUBLIC SCHOOLS EMPLOYEE INFORMATION SYSTEM    ETIM751
   01/22 17:06              TIME AND ATTENDANCE INQUIRY

 SIS ID: 0719864    SSN: 377960797      NAME: GEORGIA        ARGYRIS
 FROM DATE: 10 01 2005  TO DATE: 10 15 2006
```

| EARNED DATE | EVENT CODES | EVENT DESCRIPTION | EVENT DY | TIME HRS | MIN | RECORD STATUS | | | ENTERED DATE | USER ID |
|------------|-------------|-------------------|----------|----------|-----|---------------|--|--|--------------|---------|
| 10/06/06 | 49A00 | LATENESS | 0 | 0 | 7 | C | P | AJ | 11/02/06 | EDAWSON |
| 10/05/06 | 49A00 | LATENESS | 0 | 0 | 2 | C | P | AJ | 11/02/06 | EDAWSON |
| 09/26/06 | 41B00 | MED. CERT. SICK | 1 | 0 | 0 | C | P | AJ | 10/17/06 | EDAWSON |
| 09/25/06 | 41B00 | MED. CERT. SICK | 1 | 0 | 0 | C | P | AJ | 10/17/06 | EDAWSON |
| 09/22/06 | 49A00 | LATENESS | 0 | 0 | 2 | C | P | AJ | 10/17/06 | EDAWSON |
| 09/21/06 | 49A00 | LATENESS | 0 | 0 | 15 | C | P | OS | 09/21/06 | EDAWSON |
| 09/20/06 | 49A00 | LATENESS | 0 | 0 | 2 | C | P | OS | 09/21/06 | EDAWSON |
| 09/19/06 | 49A00 | LATENESS | 0 | 0 | 5 | C | P | OS | 09/21/06 | EDAWSON |
| 09/14/06 | 49A00 | LATENESS | 0 | 0 | 5 | C | P | AJ | 09/21/06 | EDAWSON |
| 09/13/06 | 41A00 | SELF TREATED | 1 | 0 | 0 | C | P | OS | 09/18/06 | EDAWSON |
| 09/12/06 | 41A00 | SELF TREATED | 1 | 0 | 0 | C | P | OS | 09/18/06 | EDAWSON |
| 09/11/06 | 41A00 | SELF TREATED | 1 | 0 | 0 | C | P | OS | 09/11/06 | EDAWSON |
| 09/08/06 | 41A00 | SELF TREATED | 1 | 0 | 0 | C | P | AJ | 11/02/06 | EDAWSON |

## Georgia Argyris

FMLA eligibility worksheet

| | |
|---|---|
| total annual hours for F/T teacher | **1,141** |
| Argyris' total hours absent/late | **321** |
| Argyris' total hours in 05-06 | **820** |
| **# of hours below eligibility** | **430** |

| attendance during 1 year eligibility period prior to 10/11/06 FMLA application | |
|---|---|
| *absent* | *late (min)* |

| absent | late (min) | |
|---|---|---|
| Tuesday, October 11, 2005 | | |
| Wednesday, October 12, 2005 | | |
| Monday, October 17, 2005 | | |
| Monday, October 24, 2005 | | |
| Tuesday, October 25, 2005 | | |
| Wednesday, October 26, 2005 | | |
| Thursday, October 27, 2005 | | |
| Friday, October 28, 2005 | | |
| Monday, October 31, 2005 | | |
| Wednesday, November 02, 2005 | | |
| Thursday, November 03, 2005 | | |
| Tuesday, November 08, 2005 | | |
| Tuesday, November 15, 2005 | | |
| Thursday, November 17, 2005 | | |
| Friday, November 18, 2005 | Friday, October 14, 2005 | 92 |
| Wednesday, November 23, 2005 | Tuesday, October 18, 2005 | 86 |
| Monday, November 28, 2005 | Wednesday, October 19, 2005 | 55 |
| Tuesday, November 29, 2005 | Thursday, October 20, 2005 | 151 |
| Thursday, December 01, 2005 | Friday, October 21, 2005 | 89 |
| Friday, December 02, 2005 | Tuesday, November 01, 2005 | 135 |
| Monday, December 05, 2005 | Friday, November 04, 2005 | 33 |
| Tuesday, December 06, 2005 | Monday, November 07, 2005 | 53 |
| Friday, December 09, 2005 | Wednesday, November 09, 2005 | 111 |
| Wednesday, December 14, 2005 | Thursday, November 10, 2005 | 108 |
| Thursday, December 15, 2005 | Monday, November 14, 2005 | 6 |
| Friday, December 16, 2005 | Monday, November 21, 2005 | 17 |
| Tuesday, December 20, 2005 | Tuesday, November 22, 2005 | 175 |
| Wednesday, December 21, 2005 | Wednesday, November 30, 2005 | 125 |
| Thursday, December 22, 2005 | Wednesday, December 07, 2005 | 51 |
| Friday, December 23, 2005 | Thursday, December 08, 2005 | 79 |
| Friday, December 23, 2005 | Monday, December 12, 2005 | 73 |
| Thursday, January 05, 2006 | Tuesday, December 13, 2005 | 130 |

| | |
|---|---|
| Tuesday, January 10, 2006 * | |
| Wednesday, January 11, 2006 * | |
| Tuesday, January 17, 2006 * | |
| Wednesday, January 18, 2006 * | |
| Thursday, January 19, 2006 * | |
| Friday, January 20, 2006 * | |
| Monday, January 23, 2006 * | |
| Tuesday, January 24, 2006 * | |
| Friday, January 27, 2006 * | |
| Monday, January 30, 2006 * | |
| Tuesday, January 31, 2006 * | |
| Wednesday, February 01, 2006 * | |
| Thursday, February 02, 2006 * | |

| | |
|---|---|
| Monday, December 19, 2005 | 36 |
| Tuesday, January 03, 2006 | 108 |
| Wednesday, January 04, 2006 | 72 |
| Friday, January 06, 2006 | 47 |
| Thursday, January 12, 2006 | 82 |
| Friday, January 13, 2006 | 103 |
| Wednesday, January 25, 2006 | 70 |
| Thursday, January 26, 2006 | 74 |
| *total minutes* | **2,161** |
| *hours* | **36** |

| | |
|---|---|
| *total absences* | **45** |
| *total hours absent* | **285** |

\* *self-treated day*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 22, 2008, I caused a true and correct copy of the

foregoing Answer to be served by mail on Melinda G. Gordon, attorney for Georgia Argyris, at

her office at 52 Broadway, 9th Floor, New York, NY 10004-1614

Dated:      New York, New York
            January 22, 2008


                         MICHAEL A. CARDOZO
                         Corporation Counsel of the
                            City of New York
                         Attorney for Defendants
                         100 Church Street, Room 2-107
                         New York, New York 10007
                         (212) 442-0144


                  By:    _____
                         Robyn Silvermintz
                         Assistant Corporation Counsel
                         rsilverm@law.nyc.gov

EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

GEORGIA ARGYRIS,

                              Plaintiff,                          **SUMMONS**

          -against-                                              Civil Action No.
                                                                 07 Civ.         ( )
BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK, and                            Jury Trial Demanded
JOEL KLEIN, as Chancellor of the City School
District of the City of New York,

                              Defendants
--------------------------------------------------------------------X

TO:    BOARD OF EDUCATION OF THE CITY SCHOOL
       DISTRICT OF THE CITY OF NEW YORK and
       JOEL KLEIN, as Chancellor of the City School
       District of the City of New York,
       c/o Corporation Counsel of the City of New York
       100 Church Street
       New York, New York 10007

       **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's Attorney

       JAMES R. SANDNER, ESQ
       Melinda G. Gordon, Of Counsel
       New York State United Teachers
       52 Broadway, NY 10004
       (212) 533-6300

an answer to the complaint with is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint. You must also file your answer
with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

CLERK                                          DATE    OCT 3 0 2007

(BY) DEPUTY CLERK

NYC Legal 111296

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GEORGIA ARGYRIS,

                               Plaintiff,

     -against-

BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK, and
JOEL KLEIN, as Chancellor of the City School
District of the City of New York,

                             Defendants.
-----------------------------------------------------------------------X

**AMENDED**
**COMPLAINT**

Civil Action No.:
07 Civ. 9623
(DC)(HP)
Jury Trial Demanded

Plaintiff, GEORGIA ARGYRIS, by her attorney JAMES R. SANDNER (Melinda G. Gordon, of counsel), and STROOCK & STROOCK & LAVAN LLP. and for her complaint, respectfully alleges as follows:

### NATURE OF THE CASE

1.     This is a civil action brought to remedy violations of the Family and Medical Leave Act ("FMLA" or "Act"), 29 U.S.C. §§2601, *et seq.*, and all applicable regulations thereunder; to remedy violations of Plaintiff's rights in signing a stipulation of settlement agreement pursuant to fraudulent inducement; duress and equitable estoppel; and Plaintiff's rights guaranteed pursuant to Article 1 §6 of the New York State Constitution.

2.     The Defendants, in violation of the aforementioned legal authority, acting individually and in concert under color of state law, have failed to grant the Plaintiff leave protected by the FMLA, and have refused to restore the Plaintiff to her teaching position in

contravention of the FMLA and in retaliation for the free exercise of her rights thereunder; have unlawfully deprived Plaintiff of her employment and her property interest in her tenured teaching position without due process of law; and have acted without authority, failed to act upon, or otherwise grant Plaintiff's requests to return to her teaching position with all the benefits and emoluments of employment entitled to her thereunder.

3.    Further, Defendants fraudulently induced Plaintiff to enter into a stipulation of settlement by intentionally suppressing information that Plaintiff had been exonerated of allegations against her.  Plaintiff relied on Defendants' implicit representation to her detriment by entering into a stipulation of settlement that resulted in her signing away her tenure due process rights under duress.

4.    In connection therewith, Plaintiff seeks declaratory and equitable relief, reinstatement and restoration of benefits, compensatory and punitive damages, costs, interest and attorney fees against Defendants, as well as all other appropriate legal and equitable relief.

## JURISDICTION

5.    Jurisdiction is grounded on 29 U.S.C. §2617 and 28 U.S.C. §§1331, 1343(a)(3) and (a)(4).  Supplemental jurisdiction with regard to Plaintiff's State law claims is invoked under the provisions of 28 U.S.C. §1367.

6.    Plaintiff's claims for compensatory and punitive damages are authorized by 29 U.S.C. §2617.  Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. §§ 2201 and 2202.  Plaintiff's claim for attorney fees is authorized by 29 U.S.C. §2617.

7.    Plaintiff filed a timely verified notice of claim against the Defendants Board of Education of the City School District of the City of New York and Joel Klein as the Chancellor

of the City School District of the City of New York on or about January 30, 2007. The

Defendants have refused or neglected to make an adjustment or payment on said claim to date.

## VENUE

8.      Venue appropriately lies within this District pursuant to 28 U.S.C. §1391, as a

substantial part of the events or omissions giving rise to the claims occurred within this District.

## PLAINTIFF

9.      Plaintiff GEORGIA ARGYRIS is a citizen of the United States and a resident of

Bayside, Queens County, in the State of New York.

10.      Plaintiff was employed as a tenured teacher of kindergarten students by the

Defendant Board of Education of the City School District of the City of New York.

## DEFENDANTS

11.      Defendant BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF

THE CITY OF NEW YORK ("Board" or "District") is a board of education organized and

existing pursuant to the laws of the State of New York, with responsibility for the general

control, management, responsibility and administration of the Defendant CITY SCHOOL

DISTRICT OF THE CITY OF NEW YORK ("District"), including the employment and

dismissal of teachers in said school District in accordance with the law, and is generally

responsible in all respects for said school District's compliance with the law. The Defendant

District has its offices in, and does a substantial portion of its business in, County of New York,

State of New York, located within the Southern District of New York. The District's offices are

located at 52 Chambers Street, New York, New York 10007.

12.     Defendant JOEL KLEIN ("Klein" or "Chancellor") is and was employed, at all relevant times herein, by the District as Chancellor of the City School District of the City of New York, and, as such, functions as the superintendent of schools and chief executive officer of the District. As Superintendent of the District, he is entrusted with those powers and duties set forth in Article 52-A of New York's *Education Law* (the "Education Law"), and as such, is empowered and duty bound to enforce all provisions of law and all rules and regulations relating to the management of the District, as well as to supervise and direct persons employed by defendant District, including but not limited to tenured teachers. The Defendant Chancellor has offices in, and does a substantial portion of his business in, County of New York, State of New York, located within the Southern District of New York, at 52 Chambers Street, New York, NY 10007. He is sued herein in both his official and individual capacity.

## STATEMENT OF FACTS

13.     On or about September 1997, Plaintiff was appointed by the Defendant Board of Education to the position of Teacher in the tenure area of elementary education as a kindergarten teacher.

14.     Pursuant to New York State Education Law, Plaintiff's appointment was subject to a probationary period of three years.

15.     Plaintiff successfully completed her three-year probationary period, and thereupon received tenure in her position pursuant to New York State Education Law. Thereafter, Plaintiff continued to be employed as a tenured teacher of kindergarten students in the Defendant District.

16.    Pursuant to New York State Education Law, Plaintiff, as a tenured teacher, could not be removed from her position except for just cause shown after a due process hearing held in accordance with the provisions of Education Law §3020-a.

17.    In 2004, Ms. Argyris became the victim of a chain of events orchestrated by a newly appointed principal that set in place a domino reaction that resulted in an employment crisis for Ms. Argyris.  In October 2004, Ms. Argyris was falsely accused by the principal of engaging in an act of corporal punishment on a day that Ms. Argyris was not even in attendance at school.  The principal later changed the date of the alleged act of corporal punishment to a date when Ms. Argyris was in school, but the alleged student victim was absent.  The assistant principal confirmed in a conversation with Plaintiff that the principal knew that  the parent of the alleged student victim had informed the assistant principal that Plaintiff was not the teacher who committed corporal punishment against her child.

18.    Notwithstanding that the allegations were not processed into formal disciplinary charges, Ms. Argyris was removed from her classroom duties as a kindergarten teacher and reassigned to a Temporary Reassignment Center (hereinafter "TRC"), colloquially referred to as the "rubber room," and given non-pedagogical duties.  Even though the allegations against Ms. Argyris never resulted in formal charges, Ms. Argyris remained under a cloud of suspicion while reassigned to the TRC.

19.    Although the allegations against Georgia Argyris were determined by the principal in January 2005 to be unwarranted, both the principal and Defendants intentionally suppressed the information that Ms. Argyris had been exonerated of the corporal punishment allegation.

Plaintiff first learned that she had been exonerated of the corporal punishment allegations and improperly held in the rubber room for two years after she was terminated by Defendants.

20.    Georgia Argyris is a devoted and committed educator. Defendants' unwarranted false accusations and willingness to allow Ms. Argyris to linger in the TRC, caused her significant distress. This resulted in depression, ill health and time and attendance problems for Ms. Argyris.

21.    In a correspondence, dated February 2006, while reassigned to the TRC, the Board charged Ms. Argyris with excessive absenteeism and lateness from the TRC.

22.    Article 21 G 1 of the Collective Bargaining Agreement between the United Federation of Teachers and the Board of Education of the City School District of the City of New York, which covers teachers such as Ms. Argyris, sets out a procedure for the expedited resolution of the discipline of tenured teachers for excessive absences and/or lateness where the penalty being sought by the Board is less than termination.

23.    Plaintiff, under the mistaken belief that potential corporal punishment charges could be lodged against her and the threat of potential discharge, entered into a stipulation of settlement under the belief that she would finally be able to return to the classroom. By stipulation of settlement dated March 9, 2006, Ms. Argyris agreed to a probationary period regarding the number of times she could be absent and/or late during the remainder of the 2005-2006, and for the 2006-2007, 2007-2008 school years. The stipulation of settlement stated that if Ms. Argyris was absent or late a specific number of times during a specific time frame, she could be terminated without recourse to the *Education Law* §3020-a process. Because of the unlawful threat of continued placement in the rubber room and the potential discharge for corporal

punishment , at the time that Ms. Argyris entered into the stipulation of settlement she would have literally done anything to continue her teaching career. Ms. Argyris was represented at this proceeding by Sean Kelly, a person that she believed to be an attorney admitted to practice law in New York State. Pursuant to paragraph 9 of the stipulation of settlement, any termination during the probationary period may be reviewed at the request of the employee by the Defendants' Office of Labor Relations and Collective Bargaining ("OLRCB").

24.     In September 2006, Ms. Argyris was returned to work under the very principal who had falsely accused her of corporal punishment. As part of the principal's continuing campaign to humiliate Ms. Argyris, she was not returned to her kindergarten assignment, but was given other administrative duties.

25.     On September 14, 2006, and multiple occasions thereafter, Ms. Argyris requested that the principal sign a request granting Ms. Argyris an unpaid leave of absence for the restoration of health. The principal refused to sign this request so that it could be processed by Defendants. Without the principal's signature, Ms. Argyris' request could not be administratively processed by the Defendants' Medical Bureau. The principal's failure to ministerially sign-off on this request was a continuation of the principal's campaign to harass and intimidate Ms. Argyris.

26.     On or about September 14, 2006, Ms. Argyris also requested that the principal grant her an unpaid leave pursuant to the Family Medical Leave Act ("FMLA"). The request was signed on or about September 19, 2006, by Dr. Irwin Feldinger, a licensed clinical psychologist and detailed the treatment and medications Ms. Argyris was receiving. The principal refused to sign this request so that it could be processed by Defendants. Without the principal's signature,

Ms. Argyris' request could not be administratively processed by Defendants' Medical Bureau. The principal's failure to ministerially sign off on this request was a continuation of the principal's campaign to harass and intimidate Ms. Argyris. This resulted in further depression and additional time and attendance problems for Ms. Argyris.

27.    On or about September 15, 2006 Defendants' Medical Bureau examined Ms. Argyris and recommended a health leave. However, because of the principal's failure to execute any of Plaintiff's leave requests, the recommendation could not be administratively processed by Defendants.

28.    On October 30, 2006, Ms. Argyris was terminated for failing to comply with the terms and conditions of the time and attendance stipulation of settlement.

29.    On or about October 31, 2006, Ms. Argyris learned that Sean Kelly, the person who negotiated the stipulation of settlement on her behalf with the Board, was not admitted to the New York State Bar at the time he negotiated her stipulation of settlement.

30.    Not until after entering into the stipulation of settlement and being terminated for failing to comply with the stipulation of settlement, did Plaintiff learn that she was exonerated of the corporal punishment allegations and that she had been improperly reassigned to the rubber room for two years.

31.    Plaintiff communicated her desire to return as a tenured teacher employed by the Defendants by filing and serving the Defendants with a Notice of Claim on or about January 30, 2007.

32.    Defendants have neglected such notice of claim and have continued to refuse to restore Plaintiff to her position, despite Plaintiff's repeated attempts to return to work as a

tenured teacher employed by the Defendants.

33.     Upon information and belief, Defendants' arbitrary, capricious, and unlawful actions have caused Plaintiff personal damages in addition to the loss of salary, benefits, and other emoluments of employment for which the Defendants are liable.

34.     Upon information and belief, Defendants' actions also were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and proximate result thereof, Plaintiff suffered and continues to suffer economic and emotional damage in a total amount to be proven at trial; therefore Plaintiff seeks exemplary and punitive damages in an amount sufficient to deter said Defendants from similar future wrongful conduct.

35.     As a further direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer impairment and damage to Plaintiff's good name and reputation by Defendants.

36.     As a further direct and proximate result of Defendants' actions, Plaintiff has been unable, despite reasonable efforts, to find comparable employment, and has been deprived of other employment opportunities as a result of her unlawful deprivation of employment.

## AS AND FOR A FIRST CAUSE OF ACTION

### Family Medical Leave Act ("FMLA")

37.     Plaintiff repeats and re-alleges and incorporates by reference herein each and every allegation contained above.

38.     Plaintiff requested said leave of absence from the District to care for her own serious health condition, as that phrase is defined by the FMLA, 29 U.S.C. §2611(11) and 29 C.F.R. §825.114, Plaintiff was suffering from an illness or impairment and under the continuing

treatment of a health care provider. For other and further reasons, Plaintiff suffered from a serious health condition at all relevant times as that phrase is defined by the Act.

39.    Defendant District was and is an "employer", as that term is defined by the FMLA, 29 U.S.C. §2611(4), and therefore comes within the scope and coverage of the Act, for, among other reasons, having engaged in commerce or any activity affecting commerce and having employed fifty or more employees for the requisite time period.

40.    Defendant Chancellor was and is an "employer" at all relevant times, as that term is defined by the FMLA, 29 U.S.C. §2611(4), and therefore comes within the scope and coverage of the Act, having acted, directly or indirectly in the interests of the District with respect to employees of the District, such District having been an "employer" within the meaning of the Act and covered by the Act.

41.    Plaintiff was an "eligible employee" as that term is defined by the FMLA, 29 U.S.C. §2611(2), entitled to all of the rights and benefits of the Act, at the time leave was requested.

42.    Due to the deteriorating nature of the health condition of Plaintiff, thirty (30) days notice for the requested leave was not practicable. Plaintiff's need for said leave of absence was not foreseeable, and Plaintiff gave Defendants all practicable notice.

43.    Even if the giving of thirty days notice was practicable, Defendants had no authority to forever bar Plaintiff from a FMLA leave but were instead merely limited to delaying their approval of Plaintiff's leave request for a period of thirty days, in accordance with 29 C.F.R. § 825.207(h).

44.    Upon information and belief, Defendants further failed in their obligations under the FMLA and 29 C.F.R. §825.301 to provide posted notices and other materials to its employees regarding their rights and obligations under the Act.

45.    Upon the foregoing allegations, Plaintiff was entitled to FMLA leave from her position with the Defendant District following her September, 2006 request for such leave, and Defendants' refusal to process such leave violated Plaintiff's rights under the FMLA, entitling Plaintiff to the relief requested in this Complaint. The alleged excessive absenteeism which Defendants claim as justification for Plaintiff's dismissal resulted directly from Plaintiff's illness and Defendants' wrongful refusal to grant her request for FMLA leave.

46.    The acts of Defendants further constitute a "willful" violation under the Act, and thus Plaintiff is entitled to recover damages as provided for in 29 U.S.C. §2617.

## AS AND FOR A SECOND CAUSE OF ACTION

### Fraudulent Inducement

47.    Plaintiff repeats and re-alleges and incorporates by reference herein each and every allegation contained above.

48.    Defendants placed and kept Ms. Argyris in the "rubber room" based upon an alleged corporal punishment allegation, implicitly representing to Ms. Argyris that such accusations and/or charges continued to be ongoing during Plaintiff's reassignment to the rubber room. As early as January 2005, Defendants' had knowledge that there was no basis for Plaintiff's reassignment to the rubber room. Ms. Argyris relied on the Defendants' continued reassignment of her to the rubber room as a representation that there was an appropriate basis for her continued placement in the rubber room and as a result of that representation in March 9,

2006, Ms. Argyris signed away her tenure due process rights resulting in injury. The stipulation of settlement entered into between Plaintiff and the Defendants should be declared void *ab initio* based on fraudulent inducement.

## AS AND FOR A THIRD CAUSE OF ACTION

### Duress

49.     Plaintiff repeats and re-alleges and incorporates by reference herein each and every allegation contained above.

50.     Defendants, as parties to the stipulation of settlement executed by Plaintiff, are necessary parties to this claim.

51.     Plaintiff, as a tenured teacher in the Defendants' employ, had a property interest in her position and was forced to sign away her tenured due process rights which she had every right to maintain when she executed the stipulation of settlement. Because of the constant and unlawful threat of continued placement in the rubber room and potential discharge for corporal punishment, Plaintiff would have literally done anything to get out of the rubber room and continue her teaching career. The stipulation of settlement entered into between Plaintiff and the Defendants should be declared void *ab initio* because Plaintiff executed the agreement under duress in that Plaintiff genuinely felt that she had no option but to sign the stipulation of settlement if she wished to continue her teaching career.

## AS AND FOR A FOURTH CAUSE OF ACTION

### Equitable Estoppel

52.     Defendants' intentionally misled Plaintiff by concealing the fact that she had been exonerated of all of the allegations which caused Plaintiff's reassignment to the rubber room.

53.    As a result, Plaintiff was desperate to return to her classroom duties and entered

into the stipulation of settlement with Defendants to accomplish her return to the classroom.

54.    Plaintiff entered into the stipulation of settlement only as a result of Defendants'

misconduct and Defendants should be equitably estopped from asserting any rights under the

stipulation of settlement.

## AS AND FOR A FIFTH CAUSE OF ACTION

### Article I, § 6 of the New York State Constitution

55.    Article I, §6 of the New York State Constitution protects the property interests of

teachers in their tenure right, which cannot be deprived without due process of law and the right

to counsel.

56.    Plaintiff, as a tenured teacher in the Defendants' employ, had a property interest in

her position and was entitled to representation by counsel at the proceeding wherein she was

charged with excessive absenteeism and lateness.  The stipulation of settlement entered into

between Plaintiff and the Defendants should be declared void *ab initio* because the person who

appeared as counsel on Plaintiff's behalf was not an attorney pursuant to the rules of New York

State and thus failed to provide Plaintiff representation and the right to counsel as guaranteed by

the Article I, §6 of the New York State Constitution.  Because there is no adequate remedy at

law, equity requires that the contract be declared void *ab initio*.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands judgment as follows:

A.    Granting judgment annulling the March 9, 2006 stipulation of settlement between
Plaintiff and the Defendants, and directing reinstatement of Plaintiff as a tenured
teacher employed by the Defendants *nunc pro tunc*;

B.   Declaring that the acts and practices complained of herein are in violation of the United States Constitution, the Constitution of the State of New York, the FMLA, and enjoining and permanently restraining these violations of law;

C.   Directing Defendants to take such affirmative action as is necessary to ensure that the effect of these unlawful employment practices are eliminated;

D.   Directing Defendants to make Plaintiff whole for all earnings and other compensation and benefits she would have received but for Defendants' unlawful actions, including but not limited to all seniority, salary, rights, benefits and emoluments to which Plaintiff would have been entitled;

E.   Granting Plaintiff judgment against Defendants, jointly and severally, for punitive, exemplary and liquidated damages in an amount to be established at trial; and

F.   Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, NY
       April 29, 2008

                              Respectfully Submitted,

                              JAMES R. SANDNER (JS-0360)
                              Attorney for Plaintiff
                              52 Broadway, 9th Floor
                              New York, NY 10004-1614
                              (212) 533-6300

              By:

                              MELINDA G. GORDON (MG-0939)
                              Senior Counsel


                              STROOCK & STROOCK & LAVAN LLP
                              180 Maiden Lane
                              New York, NY 10038-4982
                              212-806-5400

NYC Legal 116064

## DECLARATION OF SERVICE BY MAIL

I, Robyn Silvermintz, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on June 6, 2008, I served the annexed NOTICE OF MOTION and DECLARATION IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS upon the plaintiff by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said plaintiff at the addresses set forth below, being the addresses designated by plaintiff for that purpose:

James R. Sandner
Attorney for Plaintiff
52 Broadway, 9th Floor
New York, NY 10004-1614
attn.: Melinda Gordon, Senior Counsel

Dated:      New York, New York
            June 6, 2008

ROBYN SILVERMINTZ
ASSISTANT CORPORATION COUNSEL