Docket No. 07 CIV 9623(DC)(HP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGIA ARGYRIS,

                                    Plaintiff,

-against-

BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, and JOEL KLEIN, as Chancellor of the City School District of the City of New York,

                                    Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

*MICHAEL A. CARDOZO*
*Corporation Counsel Of The City Of New York*

*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Blanche Greenfield*
*Robyn Silvermintz*
*Tel: (212) 442-0144*
*Law Mgr. No. 2007-033098*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................... 3

    POINT I

        IN DECIDING A MOTION FOR JUDGMENT ON
        THE PLEADINGS, THE COURT MUST
        CONSIDER NOT ONLY THE COMPLAINT BUT
        THE ANSWER AND ALL MATERIALS
        INCORPORATED BY REFERENCE INTO THE
        PLEADINGS. ................................................................................................ 6

    POINT II

        PLAINTIFF IS NOT AN ELIGIBLE EMPLOYEE
        AS DEFINED BY THE FMLA. .................................................................... 7

    POINT III

        THERE IS NO RIGHT TO EFFECTIVE
        ASSISTANCE OF COUNSEL IN CIVIL CASES
        OR ADMINISTRATIVE HEARINGS UNDER
        THE NEW YORK STATE CONSTITUTION ............................................ 10

CONCLUSION ........................................................................................................................... 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

GEORGIA ARGYRIS,

                                         Plaintiff,    07 Civ. 9623 (DC)(HP)

                  -against-

BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK, and JOEL
KLEIN, as Chancellor of the City School District of the
City of New York,

                                         Defendants.

------------------------------------------------------------------x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

**PRELIMINARY STATEMENT**

Plaintiff, Georgia Argyris, brings this action, pursuant to the Family Medical Leave Act ("FMLA") 29 U.S.C. §§ 2601, *et. seq.*, against defendants, Board of Education of the City School District of the City of New York and Joel Klein, as Chancellor of the City School District of the City of New York ("BOE" or "defendants"). Plaintiff also asserts pendent state law claims. Defendants respectfully submit this memorandum of law, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings in favor of defendants on the grounds that plaintiff is not an eligible employee as defined by the FMLA. Specifically, to qualify as an eligible employee under the FMLA one must have been "employed for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave . . ." See 29 C.F.R. § 825.110(2). However, there can be no dispute that plaintiff was

not employed for at least 1,250 hours of service during the twelve month period immediately preceding the commencement of the leave. Thus, plaintiff is not an eligible employee within the meaning of the FMLA. Further, defendants submit that because plaintiff does not have a viable federal cause of action this Court should decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

## STATEMENT OF FACTS[1]

In October of 2004, plaintiff was accused by the principal of P.S./I.S. 50 of engaging in an act of corporal punishment. Exhibit "D" at ¶ 17. On or about October 26, 2004, plaintiff was re-assigned to the Manhattan Regional Operation Center. See Id. at ¶ 18.

In February 2006, while plaintiff was still re-assigned, defendants charged her with excessive absenteeism and lateness from the Manhattan Regional Operation Center. See Id. at ¶ 21. Article 21 G 1 of the Collective Bargaining Agreement between the BOE and the United Federation of Teachers sets forth an expedited resolution of the discipline of tenured teachers for excessive absenteeism and/or lateness where the BOE is seeking a penalty less than termination. Id. at ¶ 22. Plaintiff was represented by Sean Kelly during the proceeding charging her with excessive absenteeism and lateness. Id. at 23. Plaintiff entered into a stipulation of settlement, dated March 9, 2006 ("the stipulation") resolving the pending disciplinary charges. See Exhibit "A." Pursuant to the stipulation, plaintiff agreed to a probationary period regarding the number of absences and lateness she could acquire for the remainder of the 2005-2006 school year, and the 2006-2007 and 2007-2008 school years. See Id. In addition, the stipulation provided that if plaintiff exceeded the absences or lateness she would be automatically terminated, waiving her rights under Education Law §3020-a. See Id. After entering into the stipulation, plaintiff learned

---

[1] The statement of facts is derived from the pleadings in this action, and/or documents which the Court can take judicial notice or documents incorporated by reference in the pleadings and thus may be considered by the Court on a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). All of the exhibits are annexed to the Declaration of Robyn Silvermintz ("Silvermintz Decl."), dated May 16, 2008. The Stipulation of Settlement, dated March 9, 2006 is annexed as Exhibit "A," plaintiff's complaint is annexed as Exhibit "B," plaintiff's amended complaint is annexed as Exhibit "C," and defendant's answer is annexed as Exhibit "D." See Prentice v. Apfel, 11 F. Supp. 2d 420, 424 (S.D.N.Y. 1998).

that Sean Kelly was not admitted to the New York State Bar at the time he negotiated the stipulation of settlement. See Exhibit "D" at ¶ 29.

In September 2006, plaintiff returned to P.S./I.S. 50. See Id. at ¶ 24. On September 14, 2006, plaintiff requested that the principal sign a request granting her an unpaid leave of absence for the restoration of health. Id. at ¶ 25. In addition, on September 14, 2006, plaintiff also requested that the principal grant her an unpaid leave pursuant to the FMLA. Id. at ¶ 26. During this period of time, plaintiff accrued additional time and attendance problems, causing her to violate the stipulation of settlement. See Id. at ¶¶ 26, 28. Plaintiff was terminated on October 30, 2006 for failing to comply with the stipulation. See Id. at ¶ 28.

Plaintiff alleges that she was entitled to FMLA leave following her September, 2006 request, and "[d]efendants' refusal to process such leave violated Plaintiff's rights under the FMLA. . ." See Id. at ¶ 45. In addition, plaintiff alleges that the stipulation should be declared void *ab initio* based on fraudulent inducement, duress and that defendants' should be equitably estopped from asserting any rights under the stipulation of settlement. See Id. at ¶¶ 48, 51, 54. Furthermore, plaintiff asserts that the stipulation of settlement "should be declared void *ab initio* because the person who appeared as [her] counsel . . . was not an attorney pursuant to the rules of New York State. . . ." See Id. at ¶ 56. Thus, she was denied the right to counsel as guaranteed by Article 1, § 6 of the New York State Constitution. See Id.

On October 30, 2007, plaintiff commenced this action. See Exhibit "B." On January 22, 2008, defendants answered plaintiff's complaint and annexed records regarding plaintiff's use of time and leave. See Exhibit "C." On April 30, 2008, plaintiff filed an Amended Complaint. The Amended Complaint did not address or otherwise dispute the

documents and or contentions made by defendants regarding plaintiff's time and and leave usage. See Exhibit "D."

## ARGUMENT

### POINT I

### IN DECIDING A MOTION FOR JUDGMENT ON THE PLEADINGS, THE COURT MUST CONSIDER NOT ONLY THE COMPLAINT BUT THE ANSWER AND ALL MATERIALS INCORPORATED BY REFERENCE INTO THE PLEADINGS.

Subsection (c) of Federal Civil Procedure Rule 12 allows a party, after the pleadings are closed, to move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Unlike a motion to dismiss under subsection 12(b)(6), which requires the court to accept the allegations as true, "a motion for judgment on the pleadings [under Fed. R. Civ. P. 12(c)] requires a court to consider not only the plaintiff's complaint, but also the defendant's answer, in assessing the plaintiff's articulation of his or her claim." Quartararo v. Catterson, 917 F. Supp. 919, 930 (E.D.N.Y. 1996). The court must also consider all materials "implicitly or explicitly incorporated by reference into those pleadings." United States v. 44 Autumn Ave., 156 F.R.D. 26, 30 (E.D.N.Y. 1994). Furthermore, the court may consider "matters subject to judicial notice, and documents submitted by the moving party, so long as such documents either are in the possession of the party opposing the motion or were relied upon by that party in its pleadings." Prentice v. Apfel, 11 F. Supp. 2d 420, 424 (S.D.N.Y. 1998). When, after considering the pleadings, both the complaint, the answers and incorporated documents or materials, "Judgment on the Pleadings is appropriate where material facts are undisputed and where a judgment on the pleadings is possible merely by considering the contents of the pleadings." 44 Autumn Ave., 156 F.R.D. at 30 (internal quotation marks omitted).

## POINT II

## PLAINTIFF IS NOT AN ELIGIBLE EMPLOYEE AS DEFINED BY THE FMLA.

To establish a *prima facie* case under FMLA, a plaintiff must establish that she has been employed by the employer for twelve months and must be employed for at least 1,250 hours of service during the twelve month period immediately preceding the commencement of the leave. 29 CFR § 825.1110; 29 U.S.C. § 2611(2)(A); see also Woodford v. Cmty. Action of Greene County, Inc., 268 F.3d 51, 54 (2d Cir. 2001). "[H]ours of service, as those words are used in the FMLA, include only those hours actually worked in the service and at the gain of the employer." Plumley v. S. Container, 303 F.3d 364, 372 (1st Cir. 2002); see also Russell v. Verizon Communs. Inc., 2007 U.S. Dist. LEXIS 16779, at *16 (W.D.N.Y. 2007). "Whether an employee has worked the minimum 1,250 hours of service is determined according to the principles established under the Fair Labor Standards Act" ("FLSA") and the determining factor is the number of hours an employee has worked for the employer within the meaning of the FLSA." See 29 C.F.R. § 825.110(c). The FLSA states that "[p]eriods during which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes are not hours worked." See 29 C.F.R. § 785.16. In addition, the introductory comments to the FMLA state "'hours worked' does not include time paid but not 'worked' (paid vacation, personal or sick leave, holidays), nor does it include unpaid leave (of any kind) or periods of layoff." See The Family and Medical Leave Act, 60 Fed. Reg. 2180 (1995). Thus, if an employee does not work the 1,250 hours in the preceding twelve months to when the leave is requested, she is not entitled to FMLA leave and thus any claim pursuant to the FMLA fails as a matter of law.

In a year (or the ten months they work how many hours do they actually work. Full time teachers who are employed in an instructional capacity are deemed to meet the 1,250 hour requirement. See 29 C.F.R. § 825.1110(c) and § 825.600 (2006). However, this presumption can be rebutted if an employer can "clearly demonstrate that such employee did not work 1,250 hours during the previous 12 months in order to claim the employee is not eligible for FMLA leave." Id.; see also Walker v. Elmore County Bd. of Educ., 379 F.3d 1249 (11th Cir. 2004) (plaintiff/teacher was not eligible for FMLA leave because *inter alia*, she worked less than 1,250 hours; noting that "the statute does not protect an attempt to exercise a right that is not protected by the FMLA").

The record before this court clearly establishes that plaintiff failed to work the minimum number of hours necessary to be deemed to have met the 1,250 hours of service during the twelve month period immediately preceding the commencement of her leave. Full-time teachers employed by the BOE worked a total of 1,141 instructional hours during the period of October 11, 2005 through October 10, 2006. Because of the presumption under the law, the 1,141 hours of work was sufficient to establish eligibility for FMLA leave. See Exhibit "A" to defendant's Answer; see also 29 C.F.R. § 825.1110(c) and § 825.600 (2006). Plaintiff applied for FMLA leave on October 11, 2006. However, for the time period from October 11, 2005 through October 10, 2006, plaintiff was absent or late a total of 321 hours. See Exhibit "A" to defendant's Answer. Thus, subtracting the 321 hours from the 1,141 hours that teachers actually worked during this period, the record establishes that plaintiff only worked 820 hours. See Id. Thus, plaintiff's actual hours worked was far below the requisite hours needed for a teacher to qualify for FMLA leave, and she was therefore not eligible. See Woodford, 268 F.3d at 54-57 (holding that the plaintiff was not eligible for job protection under FMLA because she was not

eligible for FMLA leave due to lack of hours). Consequently, plaintiff's cause of action for a violation of FMLA must be dismissed.

## POINT III

### THERE IS NO RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN CIVIL CASES OR ADMINISTRATIVE HEARINGS UNDER THE NEW YORK STATE CONSTITUTION.

Plaintiff further argues she was denied the right to counsel as guaranteed by Article I § 6 of the New York State Constitution at the proceeding where she was charged with excessive absenteeism and lateness. However, with certain narrow exception, there is no right to effective assistance of counsel in civil cases or administrative hearings under the New York State Constitution. See Walston v. Axelrod, 103 A.D.2d 769, 770 (2d Dept. 1984); See also Brown v. Lavine, 37 N.Y.2d 317, 321 (1975). The narrow exceptions cited by the Second Department include an indigent parent faced with the loss of a child, a revocation of parole hearing and an indigent mental patient in a habeas corpus proceeding. See In re Ella B., 30 N.Y.2d 352, 356 (1972); People ex rel. Menechino v. Warden, Green Haven State Prison, 27 N.Y.2d 376, 386 (1971); People ex rel. Rogers v. Stanley, 17 N.Y.2d 256, 259 (1966). Due process requires that a party to an administrative hearing be afforded the opportunity to be represented by an attorney. Walston, 103 A.D.2d at 770-771. Provided a party to an administrative hearing was given the opportunity to be represented by an attorney, if the party's rights are compromised, the fault lies with the person who represented plaintiff during the proceeding. See Id. at 771.

Plaintiff chose Sean Kelly to represent her at the proceeding where she was charged with excessive absenteeism and lateness. See Exhibit "D" at ¶ 23. Plaintiff entered into a stipulation of settlement to resolve the charges against her while she was represented by Sean Kelly. Id. Plaintiff later learned that Sean Kelly was not admitted to the New York State Bar at the time he represented her and negotiated the stipulation of settlement on her behalf. Id. at ¶ 29.

There is no allegation that defendants selected or otherwise required that Mr. Kelly represent plaintiff in her disciplinary proceeding. Therefore, no fault lies with defendants. See Walston, 103 A.D.2d at 771.

In any event, defendants submit that this Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3). See Castellano v. Bd. of Trustees, et al., 937 F.2d 752, 758 (2d Cir. 1991), cert. denied, 502 U.S. 941 (1991) ("If the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.")

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court issue an Order and Judgment dismissing plaintiff's federal cause of action in its entirety with prejudice, and that the Court further decline to exercise pendant jurisdiction over plaintiff's state law claims, and for such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
         June 6, 2008

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the City of New York
                                        Attorney for Defendant
                                        100 Church Street, Room 2-118
                                        New York, New York 10007

                                    By: _____
                                        Robyn Silvermintz
                                        Assistant Corporation Counsel
                                        rsilverm@law.nyc.gov

BLANCHE GREENFIELD,
ROBYN SILVERMINTZ
    Of Counsel.

# DECLARATION OF SERVICE BY MAIL

I, Robyn Silvermintz, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on June 6, 2008, I served the annexed MEMORANDUM OF LAW upon the plaintiff by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said plaintiff at the addresses set forth below, being the addresses designated by plaintiff for that purpose:

>James R. Sandner
>Attorney for Plaintiff
>52 Broadway, 9th Floor
>New York, NY 10004-1614
>attn.: Melinda Gordon, Senior Counsel

Dated:    New York, New York
          June 6, 2008

                                          _____
                                          ROBYN SILVERMINTZ
                                          ASSISTANT CORPORATION COUNSEL