UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

GEORGIA ARGYRIS,

                *Plaintiff*,

   - against -

BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK and
JOEL KLEIN, as Chancellor of the City School District
of the City of New York,

                *Defendants*.

DECLARATION IN OPPOSITION
TO MOTION FOR JUDGMENT
ON THE PLEADINGS

Index No. 07-CV-9623
(DC) (HP)

---

MELINDA G. GORDON declares, pursuant to 28 U.S.C. §1746 and under penalty of perjury, that the following is true and correct:

1. I am an attorney duly admitted to practice before the Courts of this State and before this Court, and am of counsel to James R. Sandner, attorney of record for Plaintiff Georgia Argyris in the above-captioned case.

2. I submit this declaration in opposition to Defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. An examination of the pleadings in this case reveals that there are disputed issues of material fact. The grounds for Plaintiff's opposition are set forth below and are also set forth in the accompanying Memorandum of Law submitted in opposition to Defendants' motion for judgment on the pleadings.

3.  Attached to Defendants' motion for judgment on the pleadings is the Answer with attached exhibits. Exhibits attached to Defendants' Answer purport to prove that Plaintiff was not an eligible employee for FMLA leave. These exhibits consist of a computerized print-out of Defendants and worksheet purporting to calculate Plaintiff's work hours. Production of Plaintiff's time cards would have provided a more accurate accounting of Plaintiff's time. Further, Defendants fail to provide any type of affidavit or affirmation attesting to the accuracy of the documents provided or the formula used in the calculations. Defendants fail to provide any type of information indicating how Defendants calculated the alleged number of total hours worked by Plaintiff.

4.  Defendants calculate the preceding 12 month period of Plaintiff's September 2006 request for FMLA leave as being from October 11, 2005 to October 10, 2006 without explanation.

5.  An issue of material fact that Defendants fail to address in their motion papers is Defendants' failure to provide the requisite notice to Plaintiff that she was entitled to leave pursuant to FMLA.

6.  Another issue of material fact in dispute is why Plaintiff's FMLA request and request for the restoration of health was never processed by Defendants. At the time Plaintiff requested FMLA leave, she was never informed by Defendants that she was not entitled to the leave because she had not worked the requisite number of hours required pursuant to the Act. Instead, Plaintiff was informed that the Principal refused to sign her request and therefore the FMLA request could not be processed by Defendants' Medical Bureau. Defendants' application is premature at this juncture in the proceeding, especially since discovery has yet to occur.

7. Defendants should be equitably estopped from raising the issue that Plaintiff does not have the requisite number of hours for leave pursuant to the Act. Defendants raised this issue for the first time in the Answer. At the time that Plaintiff filed for FMLA leave, she was never informed that she did not have the requisite number of hours for FMLA leave and that Plaintiff's request was being denied on that basis. In fact, to the contrary, upon information and belief, Plaintiff's FMLA request would have been approved by Defendants' Medical Bureau but for the administrative failure of the principal to sign off on the document. Issues of material fact exist as to the notice that Plaintiff received regarding leave and as to why Plaintiff's claim was not fully processed by Defendants.

8. Defendants' denials in their Answer to Plaintiff's allegations in the complaint also puts at issue questions of material fact in this proceeding. Defendants deny paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 15, 16, 19, 21, 23, 24, 25, 26, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, and 53 of the complaint. Defendants partially deny the allegations set forth in paragraphs 10, 11, 12, 14, 17, 18 and 20 of the complaint.

9. Questions of fact exist regarding the circumstances of Plaintiff's signing of the stipulation agreement, also attached as an exhibit to Defendants' Answer. Defendants intentionally misled Plaintiff by concealing the fact that she had been exonerated of all of the allegations which caused Plaintiff's reassignment to the rubber room. In any event, if Defendants had processed Plaintiff's request for FMLA leave, and/or leave for restoration of health, an issue of fact exists as to whether or not Plaintiff would have even violated the stipulation of settlement which ultimately resulted in her termination.

10. Plaintiff therefore respectfully requests that the Court enter judgment denying Defendants' motion for judgment on the pleading and that the Court grant such other and further relief as is just and proper.

Dated: New York, New York
      July 24, 2008

Respectfully Submitted,

JAMES R. SANDNER (JS-0360)
Attorney for Plaintiff
52 Broadway, 9th Floor
New York, NY 10004-1614
(212) 533-6300

By: _____
MELINDA G. GORDON (MG-0939)
Senior Counsel

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
212-806-5400