UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

GEORGIA ARGYRIS,

                Plaintiff,

  - against -                      Index No. 07-CV-9623
                                    (DC) (HP)
BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK and
JOEL KLEIN, as Chancellor of the City School District
of the City of New York,

                Defendants.

---

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

                              JAMES R. SANDNER
                              Attorney for Plaintiff
                             Office & P. O. Address
                            52 Broadway - 9th Floor
                             New York, NY 10004
                              (212) 533-6300

MELINDA G. GORDON
    Of Counsel.

## TABLE OF CONTENTS

                                                                                            **PAGE**

PRELIMINARY STATEMENT .................................................................. 1

I. ISSUES OF MATERIAL FACT EXIST WHICH SHOULD
BE DETERMINED AT TRIAL .......................................................... 2

      A. Applicable Law ................................................................ 2

      B. Statement of Facts in Dispute ............................................ 3

II. PLAINTIFF IS AN ELIGIBLE EMPLOYEE AS DEFINED
BY THE FMLA ................................................................................ 4

III. PLAINTIFF HAD A RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN
HER EDUCATION LAW §3020-A TIME AND ATTENDANCE DISCIPLINARY
CHARGES ........................................................................................ 8

IV. THIS COURT SHOULD EXERCISE ITS PENDANT
JURISDICTION .............................................................................. 10

CONCLUSION ...................................................................................... 12

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

GEORGIA ARGYRIS,

                Plaintiff,

  - against -                            Index No. 07-CV-9623
                                            (DC) (HP)
BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK and
JOEL KLEIN, as Chancellor of the City School District
of the City of New York,

                Defendants.
_____

## PRELIMINARY STATEMENT

      Georgia Argyris ("Plaintiff") submits this memorandum of law in opposition to Defendants' motion for judgment on the pleadings. Contrary to Defendants' assertions in the motion for judgment in the pleadings, it is by no means proven as a matter of law that Plaintiff is not an eligible employee for FMLA leave. Plaintiff's claims against Defendants seek to remedy violations of the Family Medical Leave Act ("FMLA") and remedy Plaintiff's rights in signing a stipulation of settlement agreement pursuant to fraudulent inducement, duress and equitable estoppel and Plaintiff's rights guaranteed pursuant to Article 1 §6 of the New York State Constitution.

      For a complete recitation of the facts in this case, the Court is respectfully referred to Plaintiff's Amended Complaint, paragraphs 13 through 36.

I.   **ISSUES OF MATERIAL FACT EXIST WHICH SHOULD BE DETERMINED AT TRIAL.**

   A. **Applicable Law**

Judgment on the pleadings is appropriate "'where material facts are undisputed and where a judgment on the pleadings is possible merely by considering the contents of the pleadings,'" *DeSantis v. United States*, 783 F. Supp. 165, 168 (S.D.N.Y 1992) (quoting *Sellers v. M.C. Floor Crafters Inc.*, 842 F2d 639, 642 (2d Cir. 1988)); *see also Dubied Mach. Co.*, 739 F. Supp 867, 869 (S.D.N.Y. 1990) (a party is entitled to judgment on the pleadings "'only if it has established that no material issue of fact remains to be resolved and that [it] is entitled to judgment as a matter of law.'") (citations and internal quotations omitted). In evaluating such a motion, "the court must view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party." *Madonna v. United States*, 878 F.2d 62, 65 (2d Cir. 1989) (*citing Falls Riverway Realty, Inc. v. City of Niagra Falls*, 754 F.2d 49, 56 (2d Cir. 1985)).

The Court of Appeals for the Second Circuit has explained: "In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6)." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). Under the Rule 12 (b)(6) standard, a court "must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant; it should not dismiss the complaint 'unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *see also Kaluczky v. City of White Plains*, 57 F.3d 202, 206 (2d Cir. 1995).

In deciding a motion for judgment on the pleadings, a court may consider the pleadings and exhibits attached thereto, statements or documents incorporated by in the pleadings, matters

subject to judicial notice and documents submitted by the moving party, so long as such documents either are in the possession of the party opposing the motion or were relied upon by that party in its pleadings. *See Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

### B. Statement of Facts in Dispute

An examination of the pleadings in this case reveals that there are disputed issues of material facts. Defendants attach to their Answer exhibits that purport to prove that Plaintiff was not an eligible employee for FMLA leave. These exhibits consist of a computerized print-out by Defendants and a worksheet of an unknown origin which purports to calculate Plaintiff's work hours. Defendants fail to provide any type of affidavit or affirmation attesting to the accuracy of these documents. Defendants also fail to provide any type of information indicating how Defendants calculated the alleged number of total hours worked by Plaintiff. For example, the Defendants fail to state whether the total hours they allege Plaintiff worked from October 11, 2005 through October 10, 2006 is based on deductions of absences by Plaintiff or whether Plaintiff's pro-rata latenesses are included in the calculations. Production of Plaintiff's time cards would provide a more accurate accounting of Plaintiff's hours worked.

Not only do Defendants fail to provide any type of formula to justify their conclusion that Plaintiff cannot avail herself of FMLA leave, Defendants calculate the preceding year of Plaintiff's request for FMLA leave in September 2006 as being from October 11, 2005 to October 10, 2006 without explanation.

Defendants also failed to provide the requisite notice to Plaintiff that she was entitled to leave pursuant to FMLA. Moreover, Defendants do not explain why Plaintiff's FMLA request

was never processed by Defendants. At the time Plaintiff requested FMLA leave, she was never informed by Defendants that she was not entitled to the leave because she had not worked the requisite number of hours required pursuant to the Act. Instead, Plaintiff was informed that the Principal refused to sign her request and therefore the FMLA request could not be processed by Defendants' Medical Bureau. Defendants failed to raise the issue that Plaintiff did not have the requisite number of hours for FMLA leave and that Plaintiff's request was being denied on that basis. To the contrary, upon information and belief, Plaintiff's FMLA request would have been approved by Defendants' Medical Bureau but for the administrative failure of the principal to sign the document. Issues of material fact exist as to the notice that Plaintiff received regarding leave and as to why Plaintiff's claim was not fully processed by Defendants. If Defendants had processed Plaintiff's request for FMLA leave and/or request for leave for restoration of health, issues of fact exists as to whether or not Plaintiff would have violated the stipulation of settlement, which ultimately resulted in her termination.

Defendants' denials in their Answer to Plaintiff's allegations in the complaint also puts at issue questions of material fact in this proceeding. Defendants' application is premature at this juncture in the proceeding, especially since discovery has yet to occur.

## II. PLAINTIFF IS AN ELIGIBLE EMPLOYEE AS DEFINED BY THE FMLA.

Full-time teachers such as Ms. Argyris are eligible for FMLA leave, and have often asserted their FMLA rights with success in federal court. *See, e.g., Ozolins, v. Northwood-Kensett Cmty. Sch. Dist.*, 40 F. Supp. 2d 1055 (N.D. Iowa 1999) (school district unlawfully retaliated against teacher in violation of FMLA by suspending teacher who took FMLA-protected leave and making deductions from her wages because she took FMLA leave); *Hemenway v.*

4

*Albion Pub. Sch.*, 2006 WL 958637 (W.D. Mich. 2006) (summary judgment denied to school district on whether district interfered with teacher's attempt to take FMLA leave due to depression and situational anxiety); *DeCesare v. Niles City Sch. Dist. Bd. of Educ.*, 798 N.E.2d 655 (Ohio Ct. App. 2003) (school board violated FMLA when it failed to give teacher notice of her FMLA rights, as teacher was entitled to notice so that she could explore her options, including applying for FMLA leave).

For a public school teacher such as Ms. Argyris to be eligible for leave, she must: (a) have worked for the district at least 12 months; (b) have worked at least 1250 hours during the year immediately preceding the leave; and (c) be employed at a work site where 50 or more employees are employed by the employer within 75 miles of that work site. *See generally*, 29 CFR § 2611(2)(A). For this purpose, full-time teachers (see §825.800 for definition) in an elementary school setting are presumed to meet the 1,250 hour test. An employer must be able to clearly demonstrate that such an employee did not work 1,250 hours during the previous 12 months in order to claim that the employee is not "eligible" for FMLA leave.[1]

As set forth in Point B above, Defendants' claims that Plaintiff did not work sufficient hours in the year preceding her request for leave, are questionable at best. Production of Plaintiff's time cards through the discovery process would provide a more accurate rendering of Plaintiff's hours at the workplace.

---

[1] However, for public school teachers, such as Ms. Argyris to be eligible for FMLA, it should be noted that: (1) the 12 months do not have to be consecutive; (2) the summer months count for employees who only work during the school year or who are ongoing employees; (3) full-time teachers are deemed to have met the 1250-hour test; (4) the employer has the burden of showing the employee does not meet the test; and (5) the hours worked includes grading papers at home, conferences, miscellaneous evening and weekend work, extracurricular assignments. 29 CFR § 825.110.

Furthermore pursuant to the theory of equitable estoppel, Defendants should be estopped from asserting that Ms. Argyris did not have the requisite number of hours for a FMLA claim.[2] Ms. Argyris' FMLA request was never processed by Defendants. At the time Plaintiff requested FMLA leave, she was never informed by Defendants that she was not entitled to the leave because she had not worked the requisite number of hours required pursuant to the Act. *Kosakow v. New Rochelle Radiology Associates*, 274 F.3d 706 (2nd Cir. 2001). Instead, Plaintiff was informed that the Principal refused to sign her request and therefore the FMLA request could not be processed by Defendants' Medical Bureau. Whether equitable estoppel applies in a given case is ultimately a question of fact. *Id.* at 725 (citing *Bennett v. U.S. Lines, Inc.*, 64 F.3d 62,65 (2nd Cir. 1995). Clearly issues of material fact exist as to the notice that Ms. Argyris received regarding leave and as to why Plaintiff's claim was not fully processed by Defendants.

The FMLA imposes a legal duty upon the employer to inform its employees of the conditions that they must meet in order to be covered by the FMLA. *See* 29 U.S.C. § 2619. Moreover, an employer must notify an employee who plans to take medical leave whether her proposed leave is covered by the FMLA before the employee takes the leave. 29 C.F.R. § 825.110(d). An employee can generally assume that she is protected by the FMLA unless informed otherwise. Accordingly, an employer, such as Defendants, who remains silent when its employee announces that she plans to take medical leave is effectively misleading that employee into believing that she is protected by the FMLA. Under these circumstances, Defendants' silence in the face of its legal duty to inform Ms. Argyris of her ineligibility is properly construed as an affirmative misrepresentation. *Kosakow*, 274 F.3d at 725. Through discovery,

---

[2] Ms. Argyris's leave of absence request for the restoration of health, submitted approximately at the same time as the request for FMLA leave was similarly not processed by Defendants.

6

Ms. Argyris' will demonstrate that Defendants' silence evidences an intent to deceive Ms. Argyris.

Pursuant to 29 CFR §825.110 (d), Ms. Argyris should have been granted the FMLA due to Defendants failure to process her request and inform her as to whether or not she was eligible for FMLA leave. Defendants failed to provide any information to Ms. Argyris as to whether or not she was eligible for the FMLA. Because the employer failed to advise Ms. Argyris as to whether or not she was eligible, Ms. Argyris is deemed eligible.[3] Instead, approximately 6 weeks later she was terminated.

Defendants cite to *Woodford v. Cmty. Action of Greene County*, 268 F.3d 51 (2nd Cir. 2001), in support of the argument that Plaintiff must establish that she was employed by the employer for 1,250 hours prior to commencing her leave. However, the Court in *Woodford*, left open the possibility that a plaintiff might nevertheless prevail upon an equitable estoppel theory, by showing that the employer's silence misled the plaintiff concerning entitlement to family leave, that the plaintiff reasonably relied on the silence, and was harmed as a result. Upon such showing, the employer could be estopped from pleading a defense of ineligibility for the requested leave. *Dormeyer v. Comerica Bank-Illinois*, 223 F.3d 579, 582 (7th Cir. 2000).

Defendants cite to *Plumley v. Southern Container*, 303 F.3d 364 (1st Cir. 2002) is equally unavailing. The *Plumey* Court held that "hours of service" within the meaning of the FMLA did not include compensation from an arbitration award. *Id.* at 366. This decision has been

---

[3] Pursuant to 29 CFR §825.110 (d), if the employer fails to advise the employee whether the employee is eligible prior to the date the requested leave is to commence, the employee will be deemed eligible. The employer may not then deny the leave. Where the employee does not give notice of the need for leave more than two business days prior to commencing the leave, the employee will be deemed to be eligible if the employer fails to advise the employee that the employee is not eligible within two business days of receiving the employee's notice. In *Kosakow v. New Rochelle Radiology Associates*, the court also noted that this regulation is ". . . valid insofar as it simply requires the employer to notify the employee whether her proposed leave is covered by the FMLA." 274 F.3d at 726.

disfavored by other courts. *Savage v. Chicago Transit Auth.,* 2007 WL 809600 (N.D. Ill. 2007); *Ricco v. Potter*, 377 F.3d 599 (6th Cir. 2004). It should be noted that Defendants' other arguments cite primarily to regulations, but fail to cite supporting case law.

### III. PLAINTIFF HAD A RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN HER EDUCATION LAW §3020-A TIME AND ATTENDANCE DISCIPLINARY CHARGES.

Defendants claim that Ms. Argyris did not have a right to effective assistance of counsel pursuant to Article 1 Section 6 of the New York State Constitution in her Education Law 3020-a time and attendance disciplinary charges.[4] Contrary to Defendants' position, decisional law recognizes that the right to counsel exists in administrative as well as criminal proceedings. *Cotter v. Lomenzo,* 320 N.Y.S.2d 449 (App. Div. 1971); cf. *People ex rel. Menechino v. Warden*, 27 N.Y.2d 376 (N.Y. 1971); *Mera v. Tax Appeals Tribunal of N.Y.*, 611 N.Y.S.2d 716 (App. Div. 1994); *Matter of N.Y. State Comm. for Human Rights v. Landau Inds.*, 293 N.Y.S.2d 917, 923-924 (Sup. Ct. 1968). The right to counsel is an integral part of our concept of due process which has long been considered applicable to proceedings involving the deprivation of one's life, liberty or property, whether it be judicial, administrative or executive in nature. *Stuart v. Palmer,* 74 N.Y. 183, 190-191 (N.Y. 1878); *Matter of Vinson v. Greenburgh Hous. Auth.*, 288 N.Y.S.2d 159, 163 (App. Div. 1968) *aff'd,* 27 N.Y.2d 675 (N.Y. 1970). The opportunity to be heard would be of little, if any, avail if it did not include the right to be represented by counsel. *Matter of Williams*

---

[4] *Walston v. Axelrod*, 103 AD2d 769 (2ᵈ Dep't 1984), cited by defendants in support of their position, recognizes that "both due process considerations and statutory provisions require that a party to an administrative hearing be afforded the opportunity to be represented by an attorney." However, in *Walston*, the petitioner ultimately waived her right to counsel because she defaulted in appearance and because of her attorney's failure to appear on numerous adjourn dates.

*v. White Plains Hous. Auth.*, 309 N.Y.S.2d 454, 460 (Sup. Ct. 1970), *aff'd,* 317 N.Y.S.2d 935 (App. Div. 1970).

Defendants' argue that it was not their fault that the person who represented Ms. Argyris in her Education Law 3020-a time and attendance disciplinary hearing was not an attorney. Neither was it the fault of Ms. Argyris. Ms. Argyris had a right to have counsel represent her at that proceeding and as a result of not being represented by counsel suffered an irreparable harm in that she lost a property interest, i.e., her employment, by entering into an agreement that signed away her tenure rights. At minimum, Ms Argyris should be placed in the same position that she would have been in prior to executing the agreement with the DOE and the agreement should be declared *void ab initio.*

The law requires that §3020-a of the Education Law be strictly construed in favor of the teacher because the Education Law protects the constitutionally recognized interest of government employees to continued employment, is penal in nature, and is in derogation of the common law rights of employers to discharge employees at will. *See* McKinney's Cons. Laws of New York Book 1, Statutes, § 271; *Adrian v. Bd. of Educ.*, 400 N.Y.S.2d 570 (App. Div. 1978); *Moritz v. Bd. of Educ.*, 400 N.Y.S.2d 247 (App. Div. 1977); *Clayton v. Bd. of Educ. of Cent. Dist. No. 1*, 375 N.Y.S.2d 169 (App. Div. 1975), *rev'd on other grounds*, 41 N.Y.2d 966 (N.Y. 1977).

In 1993, the Court of Appeals reaffirmed many of these principles and held that the state legislature has enacted a series of tenure statutes which established a "firm policy of safeguarding teachers' tenure rights" *Matter of Gould, supra*. The court also reaffirmed the established

principle that "it is necessary to construe the tenure system broadly in favor of the teacher." *Id.* at 8.

Both state and federal cases have clearly established that the procedural protections afforded teachers are not mere gifts of a legislature solicitous to labor or educators, but rather are constitutionally mandated due process safeguards for government employees.[5] Tenured teachers have a property interest in their jobs and are entitled to a full-blown adversarial due process hearing pursuant to Education Law §3020-a before they can be disciplined. *Matter of Gould v. Bd. of Educ.*, 81 N.Y.2d 446 (App. Div. 1993); *Gross v. Bd. of Educ.*, 78 N.Y.2d 13, 17 (N.Y. 1991); *Strong v. Bd. of Educ.*, 902 F.2d. 208, 211 (2nd Cir. 1990), *cert. denied*, 498 U.S. 897 (1990).

## IV.  THIS COURT SHOULD EXERCISE ITS PENDANT JURISDICTION.

In the event that this Court dismisses Plaintiff's FMLA claim, Plaintiff requests that this Court exercise supplemental jurisdiction over Ms. Argyris' pendant state law claims pursuant to 28 U.S.C § 1367 and reject Defendants' contention that this court should decline jurisdiction. *See, e.g., Ackerman v. Nat'l Pro. Analysts, Inc.*, 1992 WL 240605 at *13 (S.D.N.Y. 1992) (retaining state claims after 12(b)(6) dismissal of federal claims); *Philan Ins. Ltd. v. Frank B. Hall & Co., Inc.*, 786 F. Supp. 345, 347 (S.D.N.Y. 1992) (supplemental jurisdiction appropriate even when federal claims dismissed before trial); *Philatelic Found. v. Kaplan*, 647 F. Supp. 1344, 1348 (S.D.N.Y. 1986) (exercising pendent jurisdiction after granting motion to dismiss last federal claim before trial); *Ametex Fabrics, Inc. v. Just In Materials, Inc.*, 140 F.3d 101, 105-06

---

[5] Article 21 G1 of the Collective Bargaining Agreement between the UFT and Defendant Board of Education provides for an expedited Education Law §3020-a procedure for tenured teachers charged with time and attendance issues where the Defendant Board is seeking a penalty less than termination.

(2nd Cir. 1998) (holding that the district court did not abuse its discretion in maintaining jurisdiction after discovery and a settlement conference had taken place).

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' motion for judgment on the pleadings.

Dated: New York, NY
       July 24, 2008

                                Respectfully Submitted,

                                JAMES R. SANDNER (JS-0360)
                                Attorney for Plaintiff
                                52 Broadway, 9th Floor
                                New York, NY 10004-1614
                                (212) 533-6300

By: _____
                                MELINDA G. GORDON (MG-0939)
                                Senior Counsel


                                STROOCK & STROOCK & LAVAN LLP
                                180 Maiden Lane
                                New York, NY 10038-4982
                                212-806-5400