Docket No. 07 Civ. 9623 (DC)(HP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGIA ARGYRIS,

                              Plaintiff,

-against-

BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, and JOEL KLEIN, as Chancellor of the City School District of the City of New York,

                              Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

# MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-118
New York, N.Y. 10007-2601

*Of Counsel:*   Blanche Greenfield
                 Robyn Silvermintz
*Telephone:*   (212) 442-0144

City No. 2007-033098

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

GEORGIA ARGYRIS,

                                      Plaintiff,            07 Civ. 9623 (DC)(HP)

       -against-

BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK, and JOEL
KLEIN, as Chancellor of the City School District of the
City of New York,

                                    Defendants.

------------------------------------------------------------------- x

## DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS.

## ARGUMENT

### POINT I

### PLAINTIFF IS NOT AN ELIGIBLE EMPLOYEE AS DEFINED BY THE FMLA.

Defendants have moved pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings in favor of defendants on the grounds that plaintiff is not an eligible employee as defined by the FMLA. Specifically, while full time teachers must work 1141 hours in order to be presumed to satisfy the 1250 hour FMLA eligibility requirement, plaintiff herein only worked 820 hours in the year preceding her request for FMLA leave. In her opposition, Plaintiff attacks defendants' documentary evidence indicating that plaintiff is not an eligible employee under the Family Medical Leave Act ("FMLA") by stating the "exhibits consist of a computerized print-out by Defendants and a worksheet of an unknown origin which purports to calculate Plaintiff's work hours" See Memorandum of Law in Opposition to

Defendants' Motion for Judgment on the Pleadings ("Opposition") at p. 3. However, while counsel appears to argue that the defendants' official business records are not accurate, plaintiff has failed to provide this Court with an affidavit or any other evidence to support her self serving contention that the record is not accurate. Indeed, plaintiff does not allege that she has in fact worked the required hours to establish her eligibility under the FMLA. Thus, the record before this Court establishes that plaintiff did not in fact work 1141 hours during the year immediately preceding the commencement of the leave and thus was not eligible for FMLA leave. 29 CFR § 825.1110; 29 U.S.C. § 2611(2)(A).

Equally without merit is plaintiff's assertion that defendants should be equitably estopped from asserting that plaintiff is not an eligible employee pursuant to the FMLA. To support this argument plaintiff cites to Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706 (2d Cir. 2001). However, Kosakow is distinguishable from the present case. In Kosakow, the plaintiff had scheduled surgery to remove a cystic mass. 274 F.3d at 713. After scheduling the surgery, Kosakow was granted a medical leave for the operation and time to recover. Id. While out on medical leave, Kosakow was informed that her position had been eliminated due to downsizing and she was terminated. The defendant asserted that Kosakow was not entitled to FMLA leave because at the time she took her leave she was not an eligible employee because she had not worked 1250 in the year preceding the leave. Kosakow argued that she relied on defendant to "inform her of her eligibility, and had the defendant fulfilled this duty, she would have worked the hours necessary to meet the eligibility requirements prior to undergoing her surgery." Id. at 723. The court held that the defendant was estopped from asserting that Kosakow was not an eligible employee, because defendant did not comply with the notice requirements of the FMLA. Id. In holding that principles of equitable estoppel applied,

2

the Court pointed out that at the time Kosakow took her leave her hours fell short of the FMLA's 1250 hour requirement, if at all, by fifty hours. Thus, the Court reasoned that given the relatively few hours Kosakow needed to work to establish her eligibility for FMLA leave, "it would not be unreasonable to infer that [Kosakow] would have been able to ensure that she met the mandatory minimum prior to her surgery." Id. at 725. "Kosakow's operation was not an emergency, but rather was long-planned and it would appear that there was no reason it could not have been rescheduled." Id. at 727.

These facts are distinguishable from the present case, because plaintiff did not rely on a representation of defendants to her detriment. Here, plaintiff unlike Kosakow was not "granted" leave. As plaintiff concedes, her application for FMLA leave was not processed at the time she was terminated for violating the stipulation she entered into to resolve her excessive absenteeism and lateness charges. See Amended Complaint at ¶¶ 27-28. In addition, in invoking the doctrine of estoppel the Kosakow court cited to the fact that Kosakow fell short, if at all, from meeting the FMLA eligibility by fifty hours. Thus, the court concluded that given the relatively few hours that were needed to establish eligibility it was not "unreasonable to infer" that Kosakow would worked the additional hours prior to scheduling her surgery to ensure her eligibility. In contrast to the facts of Kosakow plaintiff herein was more than 300 hours short of establishing eligibility for FMLA leave. Thus, there can be no argument that plaintiff was not aware of her non-eligibility for FMLA leave or that had she had notice of her non-eligibility or the FMLA requirements she would have worked the additional three hundred plus hours before applying for her leave. Indeed, unlike the scheduling flexibility that the plaintiff in Kosakow had in scheduling her surgery as to permit her to establish FMLA eligibility, the leave requested by plaintiff herein was sought under an emergency situation. As such, there can be no argument

3

that plaintiff herein would have postponed her leave in order to work an additional 321 hours to establish FMLA eligibility.. See Id. at 727; see also Sinacole v. IGate Capital, 2006 U.S. Dist. LEXIS 91538 (W.D. Pa. 2006) (distinguishing Kosakow in situations where the need to take leave is not adjustable as is the case with elective surgery and where an employer does not misrepresent that an employee can take FMLA leave and then renege on its word).

Plaintiff also asserts that defendants' alleged silence mislead plaintiff and cites Dormeyer v. Comerica Bank-Illinois, 223 F.3d 579 (7th Cir. 2000). Dormeyer's facts are similar to the present case, in that the plaintiff acquired excessive absences from her job, which led to her termination. Id. at 581. She argued equitable estoppel relying on CFR § 825.110(d), because she had requested an FMLA leave because of morning sickness relating to her pregnancy and the defendant did not respond to the request. Id. The court held that as far as notice is concerned, the employer's responsibility is no more than posting a summary of the Act in the workplace. Id. at 582. Thus, the court held that Dormeyer failed to make out the elements of estoppel and should not be entitled to rely on CFR § 825.110(d), because the regulation is unauthorized and unreasonable. Id. at 582. Here, plaintiff acknowledges that her FMLA leave was never approved. See Amended Complaint at ¶ 27. Further, plaintiff's allegation that defendant failed to post is based on counsel's information and belief and plaintiff has not submitted an affidavit stating that she was unaware of the FMLA requirements due to the defendant's failure to post.

Further, Woodford v. Cmty. Action of Greene County, Inc. invalidated 29 CFR§ 825.110(d), because it extends eligibility to employees who have not met the 1250 hour requirement. 268 F.3d 51 (2d Cir 2001). Woodford further held that under the right circumstances, equitable estoppel may be available to a plaintiff. Id. at 57. However, as discussed previously the facts of this case do not present those circumstances. Thus, plaintiff's

4

actual hours worked was far below the requisite hours needed for a teacher to qualify for FMLA leave, and she was therefore not eligible. See Id. at 54-57.

## POINT II

### THERE IS NO RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN CIVIL CASES OR ADMINISTRATIVE HEARINGS UNDER THE NEW YORK STATE CONSTITUTION.

With certain narrow exception, there is no right to effective assistance of counsel in civil cases or administrative hearings under the New York State Constitution. See Walston v. Axelrod, 103 A.D.2d 769, 770 (2d Dep't 1984); See also Brown v. Lavine, 37 N.Y.2d 317, 321 (1975). The narrow exceptions found by the Second Department include an indigent parent faced with the loss of a child, a revocation of parole hearing and an indigent mental patient in a habeas corpus proceeding. See In re Ella B., 30 N.Y.2d 352, 356 (1972); People ex rel. Menechino v. Warden, Green Haven State Prison, 27 N.Y.2d 376, 386 (1971); People ex rel. Rogers v. Stanley, 17 N.Y.2d 256, 259 (1966).

Plaintiff's opposition argues that the right to counsel exists in other types of administrative proceedings and cites to the dissent in Cotter v. Lomenzo, 36 A.D.2d 741 (2d Dep't 1971). However, the majority in Cotter did not find that the petitioners should be entitled to new hearings for revocation of their real estate broker's license, because they were not represented by counsel at the hearings. Id. In addition, plaintiff cites to Mera v. Tax Appeals Tribunal, which held that "due process considerations require that a party to an administrative hearing be afforded the opportunity to be represented by an attorney. . ." 204 A.D.2d 818, 820 (1994). However, the case further held that "an administrative agency has no duty to hold a hearing at the convenience of a petitioner's attorney[,]" and there was no denial of petitioner's due process when the ALJ failed to adjourn the hearing so petitioner could secure counsel. Id.

5

In the present case, plaintiff was afforded the opportunity to be represented by counsel at the proceeding charging her with excessive absenteeism and lateness, which was the only due process required. There is no allegation that defendants selected or otherwise required that Mr. Kelly, plaintiff's counsel at the hearing, represent plaintiff in her disciplinary proceeding. Mr. Kelly was the counsel of plaintiff's choice, at least at that time. Therefore, no fault lies with defendants. See Walston, 103 A.D.2d at 771.

Plaintiff also cites N.Y. State Com. for Human Rights v. E. Landau Industries, Inc., 57 Misc. 2d 918 (N.Y. Sup. Ct. 1968) to support the proposition that the right to counsel exists in administrative proceedings. However, in N.Y. State Com. For Human Rights, the court stated, "there is no requirement that a party must be represented by counsel in administrative proceedings . . ." Id. at 920. Furthermore, "the court [knew] of no specific precedent which would nullify these administrative proceedings by reason of the apparent decision by the stockholders, officers and directors of the corporate respondent to proceed without representation by counsel." Id. In addition, the court noted a concern when an administrative proceeding could run parallel to a subsequent or concurrent criminal prosecution and none of the ordinary safeguards afforded to defendants in criminal prosecutions are invoked, such as being advised of their right to decline to testify. Id. at 923. However, in the present case this concern is not present, as plaintiff's excessive absenteeism and lateness proceeding did not run parallel to a subsequent or concurrent criminal prosecution. As such, for the reasons set forth in defendant's moving papers, plaintiff's claim is without merit[1].

---

[1] Defendants submit that should this court dismiss plaintiff's sole federal claim in this action, this Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3). See Castellano v. Bd. of Trustees, et al., 937

## CONCLUSION

For the above reasons, and those set forth in Defendants' moving papers, Defendants respectfully request that the Court issue an Order and Judgment dismissing plaintiff's federal cause of action in its entirety with prejudice, and that the Court further decline to exercise pendant jurisdiction over plaintiff's state law claims, and for such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         August 12, 2008

                **MICHAEL A. CARDOZO**
                Corporation Counsel of the
                 City of New York
                Attorney for Defendants
                100 Church Street, Room 2-118
                New York, New York 10007
                (212) 442-0144

By: _____
    Robyn Silvermintz
    Assistant Corporation Counsel
    rsilverm@law.nyc.gov

BLANCHE GREENFIELD,
ROBYN SILVERMINTZ,
Of Counsel

---

F.2d 752, 758 (2d Cir. 1991), cert. denied, 502 U.S. 941 (1991) ("If the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.")

7

## DECLARATION OF SERVICE BY MAIL

       I, Robyn Silvermintz, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on August 12, 2008, I served the annexed REPLY MEMORANDUM OF LAW upon the plaintiff by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said plaintiff at the addresses set forth below, being the addresses designated by plaintiff for that purpose:

       James R. Sandner
       Attorney for Plaintiff
       52 Broadway, 9th Floor
       New York, NY 10004-1614
       attn.: Melinda Gordon, Senior Counsel

Dated:      New York, New York
             August 12, 2008

 

_____
ROBYN SILVERMINTZ
ASSISTANT CORPORATION COUNSEL